NORTHERN LINE PACKET COMPANY *vs.* ZEPHANIAH PLATT.

March 18, 1876.

Account Stated—Pleading.—To enable a plaintiff to recover, as upon an account stated, upon written statements or accounts made out and rendered by defendant, he must declare upon them as such.

Same—Evidence—Proof of Original Transactions.—If, in his complaint, he sets out the original transactions, and not the account stated, as the grounds of his action, either party may prove what the original transactions were.

Action for the conversion of a quantity of grain, including 1,029 bushels of wheat, part of 26,465 bushels purchased for plaintiff, and with money furnished by it, by the firm of Coon & Platt, of which defendant is surviving partner. The answer admits the purchase of 26,431 bushels only, and alleges that all of the same, except 2,657 bushels, were

duly delivered to plaintiff prior to October 31, 1871, the date of the alleged conversion.

As to these 2,657 bushels, the answer alleges that, during the time the firm was buying wheat for plaintiff, the wheat bought was from time to time, as purchased, stored in the warehouses where plaintiff's boats and barges were accustomed to land for the purpose of loading the same, to wit, a warehouse of the firm at Hudson, Wisconsin, and a certain other warehouse known as the Glenmont warehouse, six miles distant from Hudson, which last-named warehouse was used exclusively for storing wheat bought by the firm for plaintiff, as plaintiff well knew, and the wheat so bought was so stored in such warehouse with plaintiff's knowledge and consent, and at its request; that on or about October 17, 1871, the Glenmont warehouse was, together with said 2,657 bushels of wheat, then stored therein, totally destroyed by fire, originating from some unknown cause, and without any fault of the firm or the defendant. The answer admits a demand for this wheat at Hudson on October 31, and a failure to deliver the same, and takes issue on the value alleged in the complaint. Other issues are made by the pleadings not necessary to be stated here.

At the trial in the district court for Ramsey county, before *Wilkin*, J., the plaintiff offered in evidence a large number of reports of wheat bought, shipped and on hand, furnished from time to time by the firm to the plaintiff. These reports were alike in form, the thirty-third and last being as follows:

*No. 33.   Statement of wheat purchased by Coon & Platt, at Hudson, Wisconsin, for Northern Line Packet Co.*

| DATE. | No. 1. | No. 2. | PRICE. | COST. |
|---|---|---|---|---|
| Oct. 24. | 87.10 | | $1.05 | $      91.50 |
| Last report | 26,344.04 | 34.18 | | 26,582.11 |
| | 26,431.14 | 34.18 | | $26,673.61 |

*Shipped.*

| | | |
|---|---|---|
| Oct. 15 | 4,086.06 | |
| " 15 | 3,819.25 | from Glenmont. |
| Last report | 17,530.23 | |
| | 25,435.54 | |

Several of the reports contained the words " at Glenmont" after the statement of quantity of wheat bought, and others, like No. 33, the words " from Glenmont" after the statement of the quantity of wheat shipped. The following is a summary of the reports rendered plaintiff, and of the bills of lading of wheat shipped, and shows that, according to such reports and bills, more wheat had been shipped from Glenmont down to the date of the fire than had been reported as purchased at that point.

| | |
|---|---|
| Total bushels bought at Hudson per reports, | 15,142.32 |
| " " shipped from " " " | 12,753.14 |
| Balance on hand at Hudson | 2,389.18 |
| | |
| Total bushels bought at Glenmont per reports, | 11,323.00 |
| " " shipped from " " " | 12,682.40 |
| Balance overshipped at Glenmont | 1,359.40 |
| " on hand at Hudson | 2,389.18 |
| " due plaintiff | 1,029.38–60 |
| | |
| Total wheat bought at Hudson and Glenmont, | 26,465.32 |
| " " shipped from " " " | 25,435.54 |
| | 1,029.38–60 |

The defendant offered to prove that of the 26,465 bushels of wheat so purchased, 11,091 bushels were stored at Hudson, and that the remainder was stored at Glenmont; that on October 20, 1871, the warehouse at Glenmont was

destroyed by fire, with all its contents; that of the wheat so destroyed, 2,657 bushels had been purchased for, and stored in said warehouse as the wheat of, the plaintiff. He further offered to prove that of the 12,753 bushels of wheat delivered to plaintiff by the firm at Hudson, 1,661 bushels was an overdraft of wheat from the warehouse at Hudson. Each of the different matters of evidence offered was excluded, and proper exceptions were taken. The court instructed the jury that, if they believed plaintiff's evidence, they should find for plaintiff for $1,932.13. The jury found a verdict accordingly, a new trial was refused, and defendant appealed.

*H. J. Horn* and *H. A. Wilson*, for appellant.

*Davis & O'Brien*, for respondent.

GILFILLAN, C. J. The rulings of the court below excluding evidence offered by defendant to show the amount of wheat at each of the places, Hudson and Glenmont, cannot be sustained upon the theory that the reports made to plaintiff from time to time constitute an account stated. Conceding that they could in any case have that effect, yet, to enable plaintiff to recover upon them as such, it was necessary that he should declare upon them as such, so that if there were fraud or mistake, sufficient to avoid the effect of the stated account, the defendant might have an opportunity to allege it. By relying in his complaint upon the original transactions, and not upon the claim of a stated account, he treats the original transactions as still open for proof; and upon an answer making an issue as to the allegations of the complaint, each party has the right to offer proof as to such original transactions.

For the error in excluding the evidence offered by defendant there must be a new trial; but as the plaintiff makes the point here which we think, from the record, was not made below—that the reports operate as an estoppel—we will say that while, perhaps, there was sufficient evidence, as it stood when the parties rested, to sustain a verdict based on

that idea, there is certainly not enough to justify the court in directing a verdict for the plaintiff. The plaintiff had a right to rely and to act on the information furnished by the reports ; but to justify a direction to the jury to find for the plaintiff, it must very clearly appear that the plaintiff not only had the right to rely and act on the information, but that it, relying upon it, took such action that, to permit defendant to prove the truth, contrary to the reports, will operate to the prejudice of plaintiff. It could operate to its prejudice only if, by reason of being misled by the reports as to the amount of wheat at Glenmont, it failed to remove the wheat before the fire. There certainly is not proof that, had it known that the surplus of its wheat was at Glenmont, it would have removed it before the fire, sufficient to justify taking the decision of the question from the jury.

Order reversed and new trial ordered.