OLE W. SKAARAAS and another *vs.* ANDREW J. FINNEGAN.

July 17, 1883.

**Written Contract—Parol Evidence.**—*Westman* v. *Krumweide,* 30 Minn. 313, followed.

**False Assumption of Authority to Sell Land—Damages.**—In an action for falsely assuming authority as agent for a third person to sell and agree to convey land, the plaintiff is entitled to damages for the loss of his bargain, viz., to the difference between the value of the price which he agreed to pay, and the market value of the property at the time when the agreement was made.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

On January 10, 1882, plaintiffs and the defendant (the latter doing

business as Finnegan & Co.) entered into the following agreement in writing, viz.:

"Received of Ole N. Skaaraas and A. Gothron fifty dollars, as earnest money, and in part-payment for the purchase of lot six (6) of Brott & McFarland outlots to St. Anthony, said lot being five acres, which we have this day, as authorized agents, sold and agree to convey to said O. N. Skaaraas and A. Gothron for the sum of four hundred and fifty dollars, on terms as follows: * * * * * said Skaaraas and Gothron to build a house on the said lot within three months from the date hereof; and it is agreed that if the title of said premises is not good, this agreement shall be void, and the above fifty dollars refunded; but if the title to said premises is good and not taken, the said fifty dollars to be forfeited.

"FINNEGAN & Co., Agents.

"I hereby agree to purchase said property on the above terms.

"OLE N. SKAARAAS.
"A. GOTHRON."

The plaintiffs went into possession under this agreement, and built a house on the land, and on January 27, 1882, were notified by Welles, the owner of the land, to quit the premises. Plaintiffs refusing to quit, Welles commenced an action of ejectment, and recovered judgment in the following June. Plaintiffs thereupon brought this action to recover the fifty dollars paid, the value of the house erected, and the damages occasioned by defendant's false assumption of authority to sell, and recovered a verdict of $704.85, made up as follows, viz.: cash paid and interest, $52.85, value of house, $200, and rise in value of land, $452.

As stated in the opinion, the defendant pleaded and offered to prove that the written contract was made, and was understood by the parties to be made, subject to the approval of Welles, and the offer was rejected. The defendant also objected and excepted to the admission of evidence to show the value of the land in June, 1882.

*Jackson & Pond*, for appellant.

v.31—4

*Arthur J. Shores,* for respondents.

Defendant's offer was properly rejected. *Wemple* v. *Knopf,* 15 Minn. 355, (440;) *Boggs* v. *Olcott,* 40 Ill. 303; *Lowber* v. *Connet,* 36 Wis. 176; Bigelow on Estoppel, 586; *Sencerbox* v. *McGrade,* 6 Minn. 334, (484;) *Wykoff* v. *Irvine,* 6 Minn. 344, (496.)

Damages were properly assessed as of the date of eviction. *Hopkins* v. *Lee,* 6 Wheat. 109; *Whitesides* v. *Jennings,* 19 Ala. 784; *Wells* v. *Abernethy,* 5 Conn. 222; *Bryant* v. *Hambrick,* 9 Ga. 133; *Buckmaster* v. *Grundy,* 1 Scam. 310; *McKee* v. *Brandon,* 2 Scam. 339; *Gale* v. *Dean,* 20 Ill. 320; *Plummer* v. *Rigdon,* 78 Ill. 222; *Warren* v. *Wheeler,* 21 Me. 484; *Hill* v. *Hobart,* 16 Me. 164; *Cannell* v. *McClean,* 6 H. & J. (Md.) 297; *Nichols* v. *Freeman,* 11 Ired. (N. C.) 99; *Kirkpatrick* v. *Downing,* 58 Mo. 32; *Barbour* v. *Nichols,* 3 R. I. 187; *Cock* v. *Taylor,* 2 Tenn. 49; *Hopkins* v. *Yowell,* 5 Yerg. 305.

BERRY, J. The defendant, assuming to be a duly-authorized agent for that purpose, made and delivered to plaintiffs an unsealed instrument, whereby, as such agent, and in consideration of $50 paid, he sold and agreed to convey to plaintiffs, upon performance of conditions specified, a tract of land. Plaintiffs, by writing appended to the instrument, agreed to purchase the property on the specified terms. This action is brought to recover the damages alleged to have accrued to plaintiffs from and in consequence of the falsity of defendant's assumption of authority in the premises, and his consequent inability to accomplish the conveyance of the property. Upon the trial, defendant offered to show that the agreement was executed by the parties with the understanding that one Welles was the owner of the property, and that it was not to take effect unless he approved of the sale, as he did not. The offer was rejected by the court, and upon the authority of *Westman* v. *Krumweide,* 30 Minn. 313, we are of opinion that the rejection was error. That was the case of a chattel note, absolute on its face, and completely executed by K. and H. as principal and surety, respectively, and handed to the payee. In an action on the note by the payee, it was, nevertheless, held competent for the surety to show that, at the time of signing the note, it was agreed between him and the payee that the latter should procure G. to sign it as surety also, and that, unless G. did so sign it, it should be null as

to H.; and, further, that G. did not sign it. The general principle announced in the case, as supported by the great weight of authority, is that parol evidence is admissible to show that, notwithstanding the delivery of an instrument not under seal, the intention of the parties was that it should not become operative as a contract except upon the happening of a future contingent event. The cases of *Pym* v. *Campbell*, 6 El. & Bl. 370, and *Wallis* v. *Littell*, 11 C. B. (N. S.) 369, cited by the court in *Westman* v. *Krumweide*, are in remarkably close analogy to the case at bar, between which and *Westman* v. *Krumweide* we discover no difference in principle.

For the error in rejecting the offer mentioned there must be a new trial, and this renders it expedient to consider a question of damages. The agreement was made in January, 1882. For the purpose of showing the damages resulting to them from the loss of their bargain in consequence of defendant's misrepresentation of his authority, plaintiffs offered evidence of the value of the property in June, 1882, at which time they were evicted by Welles, the owner of the property. The evidence was received, against the defendant's objection and exception. This was error. If the plaintiffs recover, we are of opinion that they are entitled to damages for the loss of their bargain. If the defendant falsely assumed authority to sell and convey the property, the wrong was immediate, and the just measure of damages is the difference in value between what plaintiffs would have got if the assumed authority had existed, and what they did get. If the assumed authority had in fact existed, plaintiffs would have got the right to acquire title upon payment of the price, whereas, in the absence of the authority, they got no right to the property at all. Their loss is, then, the difference between the value of the price which they agreed to pay, and the market value of the property *at the time when the agreement was made*. The rule entitling plaintiffs to the loss of their bargain, when authority to sell has been falsely assumed, is supported by *Spedding* v. *Nevell*, L. R. 4 C. P. 212; *Taylor* v. *Bradley*, 39 N. Y. 129. By analogy it is also supported by what we regard as the better rule governing the measure of damages which a vendee of real estate is entitled to recover from a vendor who is unable or unwilling to perform his agreement to convey. As to what is the proper

measure of damages in such case, the authorities disagree. They are very fully collected and examined in 1 Sedgwick on Damages, 183 *et seq.*, and especially in a note upon the rule in *Flureau* v. *Thornhill*, (2 W. Bl. 1078,) at the end of the chapter. See, also, 2 Sutherland on Damages, 227. The rule giving a recovery for the loss of the bargain is, in principle, in harmony with that applicable to sales of personal property, between which and sales of real estate it is difficult to perceive any difference as to the general principles upon which a disappointed vendee should be compensated for the loss which he suffers.

It follows from what we have said that though plaintiffs, if they recover, are entitled to damages for the loss of their bargain as heretofore defined, the admission of evidence of the value of the property in *June,* as also the instruction given by the court that plaintiffs were entitled to the loss of their bargain as measured by the difference between the price which they contracted to give for the land and its market value *at the time of the eviction in June,* were erroneous as respects the date as of which the market value spoken of is to be estimated. Some other errors are assigned by defendant, but in the present posture of the case we do not feel called upon to consider them.

Order reversed.