OLE N. SKAARAAS and another *vs.* ANDREW FINNEGAN.

May 17, 1884.

**False Assumption of Authority to Sell Land—Damages.**—An injured party has a remedy by action for damages against one wrongfully assuming to make a contract with him as agent for an owner without authority, and may recover for the loss of improvements made in good faith in pursuance of the contract, in addition to his damages for the loss of his bargain.

After the decision on the former appeal (reported 31 Minn. 48, where the contract is set out and the case fully stated) the action was retried in the district court for Hennepin county, before *Lochren,* J. The defendant objected and excepted to the admission of evidence of the cost of the house built on the land by plaintiffs, as required by the contract, and to the refusal of the court to instruct the jury that, under the pleadings, they could only find a verdict for plaintiffs for $50, the payment made by them on the contract. They also excepted to the instruction that in addition to the $50, the jury should find for plaintiffs for whatever the land was worth at the date of the contract over and above the contract price, and also for the amount of plaintiffs' outlay in building the house at least up to the time they were notified by Welles (the owner) of his title and his refusal to convey, unless they should find that (as pleaded in the answer) it was verbally agreed when the written contract was made that it should not take effect until approved by Welles. The jury found a verdict for plaintiffs for $456.12. A new trial was refused, and the defendant appealed.

*Secombe, Sutherland & Herring,* for appellant.

*Arthur J. Shores,* for respondents.

VANDERBURGH, J.[1] The *gravamen* of this action, as held upon the former appeal, (31 Minn. 48,) is not that the title to the land contracted to be sold by the defendant, as agent, was invalid, but that defendant,

[1] Dickinson, J., because of illness, took no part in this decision.

wrongfully assuming to be the authorized agent of the real owner, in-
duced the plaintiff to enter into the contract of purchase in question.
In such cases the injured party has a remedy in the nature of an ac-
tion on the case against the agent.   2 Kent, Comm. *630; Story on
Agency, § 264.   The pleadings are, we think, sufficient to support
the action on this ground.   The contract, which is annexed to the
complaint, shows that defendant assumed to act as the duly-author-
ized agent of the owner in making the sale, which is also alleged in
the complaint and admitted in the answer; and the complaint also
sufficiently shows that plaintiffs were thereby misled to their damage.
It is not material that the contract fails to disclose the name of the
owner.   It is clear enough that defendant assumed to sell as agent,
and not as owner.   The plaintiffs took nothing by such unauthorized
contract; and, having been ejected from the premises at the suit of
the owner, with the loss of improvements made in good faith, the trial
court properly held that they were entitled to recover, in addition to
the damages for the loss of their bargain, the amount expended in
making such improvements.   The contract itself provides that the
plaintiffs should build a house upon the lot within three months; and
their loss in consequence of such expenditure is the natural and le-
gitimate result of the unauthorized acts of the defendant.

Order affirmed.