McCORMICK HARVESTING-MACHINE COMPANY *vs.* HILL H. WILSON.

November 30, 1888.

**Account Stated—Pleading and Proof.**—To enable one to recover as upon an "account stated," he must declare upon it as such. If in his pleading he rely on the original transactions or the items included in the account, they are open to proofs by the other party.

**Parol Evidence to Vary Written Contract.**—Where a written contract is made and delivered, and nothing remains to complete its execution, parol evidence is inadmissible to prove an understanding that it shall not be operative according to its terms. *Westman* v. *Krumweide,* 30 Minn. 313; *Skaaraas* v. *Finnegan,* 31 Minn. 48; and *Merchants' Exchange Bank* v. *Luckow,* 37 Minn. 542, distinguished.

Appeal by plaintiff from an order of the district court for Douglas county, *Collins,* J., presiding, refusing a new trial after verdict in its favor for $79.25. The action was to recover $1,422.62, on eight causes of action alleged in the complaint, those after the first being on promissory notes, and the first being thus stated: "That on the 31st day of December, 1882, the defendant was and still is indebted to this plaintiff on account of money had and received by the defendant to the use of this plaintiff, and on account of goods, wares, and merchandise sold and delivered by the plaintiff to the defendant at his request, in the full sum of $637.62,—no part of which amount has been paid by the defendant, though often demanded by this plain-

tiff. That there is now due and owing this plaintiff from the defendant on the account aforesaid the sum of $637.62, with interest thereon at the rate of eight per cent. per annum." For answer to the first cause of action the defendant denied any indebtedness on the account, and alleged "that on the first day of May, 1883, this defendant had a full settlement of accounts with the plaintiff, and then and there fully paid and discharged to said plaintiff the amount mentioned in said first cause of action." The defences to the other causes of action are stated in the opinion.

*Reynolds & Stewart* and *C. D. Kerr*, for appellant.

*Clapp & Woodard*, for respondent.

GILFILLAN, C. J.[1]  The evidence of payments reducing the amount due at the time of the statement of accounts was proper, because the complaint as to the items included in that cause of action did not rely on the account stated, but, without alleging the accounting, declared on the original transactions; and where the issue tendered and accepted treats the original transactions as still open for proofs, either party may offer proofs upon them. *Northern Light Packet Co.* v. *Platt,* 22 Minn. 413.

As to the several notes described in the complaint after the first two, (those two being barred by the statute of limitations,) the answer sets up good defences, to wit: that they were made and placed in the hands of a third person to be delivered to plaintiff and have effect, upon conditions stated, and that the events on which they were to be so delivered never happened, but that, in violation of such conditions, the plaintiff got possession of the notes. If this were true, then the notes never became operative as contracts. But the proofs wholly failed to make out these defences. On the contrary, it was shown that they were delivered to the plaintiff's general agent, who, as appears, had authority to receive them for plaintiff; and that delivery was in law a delivery to plaintiff. The defendant, however, claims that they were delivered with the understanding that they should not be operative—in other words, that the written promises should mean nothing.

[1] Collins, J., took no part in the decision.

The question here presented is as to the competency of oral evidence to show that understanding. The answer was not sufficient to admit any evidence, however competent, of the understanding; for it was not alleged, and did not come within the defences that were alleged. But, aside from the question of pleading, oral evidence of such an understanding to affect the written contract was not admissible. The defendant argues, and probably the court below thought, that the case comes within the principle of *Westman* v. *Krumweide,* 30 Minn. 313, (15 N. W. Rep. 255;) *Skaaraas* v. *Finnegan,* 31 Minn. 48, (16 N. W. Rep. 456;) and *Merchants' Exchange Bank* v. *Luckow,* 37 Minn. 542, (35 N. W. Rep. 434,)—in which it was decided, upon the weight of authorities, that in case of an instrument not under seal it is competent to show by parol that, notwithstanding its delivery, it was intended by the parties that it should become operative as a contract only on the happening of a *future contingent* event, as that it should first be executed by some other person. In such cases the future contingent event is something which the parties agree on as essential to the complete execution of the instrument, and which execution they intend shall be complete only upon the happening of the contingent event. But we find no case holding such evidence competent to prove that the delivered written contract was to be operative or inoperative at the will of one of the parties, or, where nothing remains to its complete execution, that the parties intended it should not be operative according to its terms. In this case it is not claimed that the notes were not as fully and completely executed as the parties intended, or that anything further was required to give them all the operation that they intended them to have. All that is claimed is that, though the execution was completed by delivery, the parties did not intend them to be operative according to their terms. A rule admitting oral evidence of such intention in such cases would go far to undermine all written contracts, and would be an invitation to fraud and perjury. The evidence being inadmissible, a new trial must of course be had, so that it is hardly necessary to go further and say that authority in the general agent to bind his principal by such an understanding cannot be presumed, nor to say that the purpose of the oral understanding, frankly testified to by defendant, to wit, to

enable the general agent to commit a fraud on his principal by making a false showing for the purpose of a settlement, would prevent the understanding having any effect as against the principal.

Order reversed.