GERMAN–AMERICAN NATIONAL BANK OF LITTLE FALLS v. PEO-
PLE'S GAS & ELECTRIC COMPANY and Others.[1]

November 26, 1895.

Nos. 9533—(146).

**Verdict Sustained.**

*Held*, on the evidence, the court was justified in ordering the verdict
rendered.

Appeal by defendant Gross from an order of the district court
for Morrison county, Searle, J., denying a motion for a new trial.
Affirmed.

*G. W. Stewart*, for appellant.

*Taylor, Calhoun & Rhodes*, for respondent bank.

*Lindbergh, Blanchard & Lindbergh*, for respondent Flynn.

CANTY, J.   Action on a promissory note, made by the defend-
ants to the order of plaintiff.   The defendant gas and electric com-
pany, a corporation, did not answer.   On the trial the court ordered
a verdict in favor of the defendant Flynn and against the defend-
ant Gross, and from an order denying his motion for a new trial
Gross appeals.

It appears by the evidence that Gross was the president of the
gas and electric company, and as such applied to Wetzel, the presi-
dent of the plaintiff bank, for a loan of $600 to the company.   As
to Wetzel's answer, and their further conversation, Gross testified:
" 'Yes, sir,' he said, 'providing some indorsers are given by you.'
'Well,' I said, 'three or four of us will indorse the note.   Will that
be sufficient?' and he said, 'Yes, sir.' "   Gross signed the note and
got Flynn to sign it also.   Gross tried to get two other persons to
sign the note, but they refused to do so.   Thereupon he left the note
with the bank, drew two drafts on the proceeds, which the bank
forwarded to their destination, and drew out $12 in cash, the bal-
ance of the $600, after deducting $15 interest, payable in advance.
He claims that he is not liable on this note, because the other parties
referred to did not sign it; but his claim is wholly without founda-
tion.   He himself closed the transaction without their signatures,

[1] Reported in 65 N. W. 90.

and by his procurement the bank has paid the whole consideration for the note.

2. He also contends that it was error to order a verdict for Flynn. Conceding, without deciding, that he has a right to be heard in this appeal on the ruling of the court ordering a verdict for Flynn, we are of the opinion that the court did not err in making that order. Flynn interposed the same defense,—that he signed the note on the express condition that it should not be delivered or take effect until said other two parties, one Berg and one Nestor, should sign it. Flynn testified: "We came into the bank, and Mr. Gross said to Mr. Wetzel that we had come in to fix up that note that he talked with him about, and I said that I was willing to go on the note, providing Berg and Nestor went on with Gross, as he spoke to me; and John drew up the note, and Mr. Gross and I indorsed it. Then Mr. Gross said, 'I will go down and get Mr. Berg,' and I said: 'Yes, and then go over and get Nestor. You will find Nestor at the depot;' and I left after that, and don't know what occurred." This evidence was wholly uncontradicted, and was in fact corroborated by the evidence of both Gross and Wetzel. We are of the opinion that the defense was fully made out. See Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255; Ward v. Johnson, 57 Minn. 301, 59 N. W. 189.

The order appealed from is affirmed.