(Court of Common Pleas, Hamilton County.)

## JOSEPH HOVEKAMP v. HENRY ELSHOFF, et al.

Delivery is not essential to the validity of a memorandum in writing of a contract of sale of real estate required to be signed under the statute of frauds.

But such a writing may be signed with a parol agreement that it shall not be a binding contract until some future step is taken; and parol evidence may be heard on the issue whether the writing ever became a binding contract under the agreement.

### SAYLER J.

The plaintiff sets up in the petition that he was the owner of a certain real estate; that he made an agreement in writing with the defendants whereby he agreed to sell and convey said real estate to the defendants, and the defendants agreed to buy the same and pay therefor the sum of $14,750; that he, the plaintiff, had performed all the conditions on his part, and had tendered a deed, but the defendants refused to pay the purchase money. The plaintiff brings the deed into court, for delivery to defendants, and asks judgment for the purchase money.

The defendants admitted the signing of the paper writing purporting to be an agreement on their part to buy said premises, but they say that at the time said paper writing was signed by them and taken in custody by plaintiff, it was agreed between these defendants and said plaintiff that there should be no delivery of said paper writing, and that the same should be of no validity and effect, unless on the succeeding Monday morning the defendants should notify the plaintiff that the same should be delivered and of full effect; and that if said defendants should at any time on the succeeding Monday notify plaintiff that it should not be delivered and take effect, that the plaintiff should then return said paper writing to the said defendants; that on said Monday they did notify plaintiff that there was to be no delivery of said paper writings, and demanded the return of the same, which demand said plaintiff refused; that plaintiff fraudulently obtained said paper writing by representing to defendants that he would not look upon the taking of the same into his custody as a delivery, and that it should not be valid and binding until defendants informed him on Monday that it should be considered as delivered to him. And defendants ask that the paper writing be declared to be null and void, etc.

The plaintiff demurs to this answer.

It seems to be well settled that delivery is not essential to the validity of the memorandum in writing of a contract of sale of real estate required to be signed under the statute of frauds. 58 Md. 546; 2 M. & W., 653. Therefore, whether the paper writing was delivered to the plaintiff or not, is im-

material, and the plaintiff may recover on it, unless the defendants may aver and prove that, although the paper was signed, there was no contract, because at the time it was signed it was agreed that it should not be a contract till some future step should be taken, and which step was not taken.

It must be noted that the averments of the answer do not purport to vary the terms of the claimed agreement; they are to the effect that no agreement in fact existed, because the proposed agreement was not to take effect until the defendants, on the succeeding Monday, should notify the plaintiff that the paper writing should be delivered and be of full force, which they did not do.

In the case of Pym v. Campbell, 6 Ellis & Blackburn, 370, a paper was signed for the sale of an invention, but it was agreed that it should not be a bargain until the invention was approved by a third person, who did not approve it. The Lord Chief Justice told the jury that if they were satisfied that before the paper was signed it was agreed amongst them all that it·should not operate as an agreement until Abernethie approved of .the invention, they should find for the defendant on the pleas denying agreement. On the hearing in error, Earle, J., says: "If it be proved in fact the paper was signed with the express intention that it should not be an agreement, the other party can not fix it as an agreement upon those so signing. The distinction in point of law is, that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all isadmissible."

This case is cited and followed in Wallis v. Littell, 11 C. B. (N. S.), 368, 374; Furness v. Meek, 27 Law Journal Excheq., 34; 131 Mass., 540; 31 Minn., 51, and in other cases, and I think the doctrine laid down is recognized as a rule of evidence.

That parol evidence is inadmissable to contradict or vary the terms of a written instrument, but is admissible on the issue as to whether there is any contract at all, is recognized in 21 Ohio St. 159.

It seems to me it was competent under these authorities for the plaintiff and defendants to sign a writing which purports to be a contract for the sale of real estate with a parol agreement that such writing should not be a binding contract, unless on the succeeding Monday the defendants should notify the plaintiff that it should be delivered and be of full effect, and that parol evidence may be heard on the issue whether the writing ever became a binding contract under such agreement.

The allegations of the answer as to the delivery of the paper to the plaintiff are competent to show how the paper came into the hands of the plaintiff, notwithstanding such verbal agreement.

It seems to me the demurrer should be overruled.

Carr & Speiser, for plaintiff; August H. Bode, for defendant.