KIMMERLE v. LOWITZ.

1. ACCOUNT STATED—ACTION—MULTIPLICITY OF SUITS.
   An account stated and the express or implied promise of one party to pay the amount of the balance indicated therein is none the less binding because one or more of the items, the factors, used in making up the account, are therein charged or credited upon a distinct promise and agreement of one or the other of the parties to do in the future some other or further thing with respect to such item or items.

2. SAME.
   Where in a partnership accounting between plaintiff and defendant the latter was allowed credit for certain notes which he assumed and agreed to pay, but which he paid only in part, plaintiff paying the balance, an action thereon by plaintiff is not barred by recovery in a former action upon the account stated, although defendant had defaulted in the payment of the notes at the time suit upon the account stated was brought against him. FELLOWS, J., dissenting.

3. SAME—RES JUDICATA.
   The validity of the account stated and the credit to defendant having been adjudicated in the former action, the question of the validity of the partnership between plaintiff and defendant, not having been then raised, is not open in this action.

Error to Cass; Des Voignes, J. Submitted June 13, 1918. (Docket No. 34.) Decided December 27, 1918.

Assumpsit by Charles H. Kimmerle against Elick Lowitz for an unpaid item in an account stated. Judgment for plaintiff. Defendant brings error. Affirmed.

*Asa K. Hayden* and *Gore & Harvey*, for appellant.

*William F. McKnight* (*Hatch, McAllister & Raymond*, of counsel), for appellee.

OSTRANDER, C. J.   More or less complicated business transactions between the plaintiff and defendant were followed, as plaintiff claims, by an accounting between them, concluding with an account stated.   Plaintiff sued defendant, and in the Federal district court for the western district of Michigan recovered a judgment, which was affirmed by the circuit court of appeals.  137 C. C. A. 415, 221 Fed. 857.  The judgment has been paid.   It was determined in that action, among other things, that there was a settlement, an account stated, which showed a balance due plaintiff from defendant of $7,883.08.   The recovery was for this amount, less $500, which was paid after the settlement was made.   It was also determined in the action brought upon the account stated that it had been agreed between plaintiff and defendant before the California corporation was organized that they would share the profits and losses of the venture.

In the account stated, an item of $4,700 was credited to defendant.   This item was the amount of two notes made by the Kimmerle Concrete Machinery Company, a California corporation, to the Bank of Southern California, indorsed by plaintiff.   These notes, when the settlement was made, were outstanding and unpaid, but it is the claim of plaintiff that the defendant assumed and agreed to pay them, for which reason he was given credit for them in the settlement.   Defendant did not pay them, but did pay to plaintiff $2,000, which plaintiff paid on them.

The issue in the case at bar, as stated by the trial judge, is:

"This is not an action on an account stated, but for an unpaid item contained in the account stated, which plaintiff claims defendant had credit therefor in said account stated and assumed and agreed to pay the same, and an unpaid balance on October 12, 1911, of $2,959.68 and interest thereon since to date at the rate of 5 per cent. per annum, totaling, principal and in-

terest, on October 13th, as claimed, of 1916, of $3,-599.60."

The jury was instructed that for plaintiff to recover he must prove by a preponderance of evidence that there was an account stated as claimed. The jury was further required to find whether there was an agreement made and entered into between the plaintiff and defendant prior to the organization of the California corporation that they would share the profits and losses of that business venture, the court, in this behalf, saying to the jury that an account stated cannot in and of itself and alone create liability; that there must be actually an account between the parties, items of debit and credit, which can be stated. The jury determined these issues in favor of plaintiff, and that defendant did assume and agree to pay the notes referred to, had not done so, and that plaintiff had been obliged to pay and had paid the balance of them as above set forth. They returned a verdict for plaintiff for $3,599.60, and upon the verdict a judgment was entered.

Defendant regards the following facts, among others, as important: The account was stated September 29, 1910. The bank which held the notes above referred to sued plaintiff thereon February 6, 1911, and plaintiff paid the bank October 12, 1911. Plaintiff's action upon the account stated was begun March 24, 1911 (it was begun in the State court and removed by defendant to the Federal court), and on January 21, 1913, plaintiff filed his bill of particulars, which recited only the settlement and its amount and contained an item for interest due thereon. The plea was filed in that cause February 4, 1913, and was the general issue, with claim of set-off. The cause was tried in March, 1913, the verdict being rendered March 22, 1913. So that it appears that judgment was rendered upon the account stated, it has been paid, that

the contract to pay the California notes entered into the action to the extent of $4,700, that plaintiff was sued on the notes in February, 1911, thereafter brought suit upon the account stated, and that all of these transactions were founded upon the alleged copartnership transaction between the parties. Upon these facts it is urged that plaintiff cannot recover, cannot split up his cause of action; having elected to sue and recover judgment upon the alleged account stated, this action is barred. It is further claimed that the alleged partnership, the basis of this and the former action, was in violation of sound public policy and therefore void. These are the principal contentions, relating to which and the theories according to which they are advanced errors are assigned upon rulings admitting testimony, upon the charge to the jury, and upon the refusal to give certain instructions preferred by defendant.

Aside from the contention that the alleged joint undertaking of the parties is void in law, the theory of defendant and the principles upon which it is developed are well stated in his brief as follows:

"An account stated supersedes the constituent items composing it. The action upon the account is predicated upon the new promise and undertaking; the account stated altering the character of the original indebtedness. When the account was had between the parties and a balance struck, the promise to pay and the agreement to accept such balance constituted a new contract between the parties. The constituent items were no longer material as evidence. The new undertaking furnished the sole right of recovery; and such cause of action cannot be split up into several parts and a separate action brought against defendant for each constituent part.

"All damages to plaintiff arising from this partnership transaction had fully matured on March 24, 1911, when plaintiff launched his first suit against the defendant upon the alleged account stated.

"The law limits the plaintiff to one action and such action must embrace all injuries proceeding from the same source. The plaintiff must elect his remedy. He may invoke equity and file his complaint there; he may sue at law for damages, but he cannot harass the defendant by piece-meal litigation."

The answer to this contention is, we think, and it is an answer which does not draw in question any of the principles stated, that an account stated and the express or implied promise of one party to pay the amount of the balance indicated therein is none the less binding because one or more of the items, the factors, used in making up the account, are therein charged or credited upon a distinct promise and agreement of one or the other of the parties to do in the future some other or further thing with respect to such item or items. Suppose, for example, that in a settlement between two persons who have engaged in a joint venture, and upon making up an account stated, a credit is given and it is expressly stated that it is the value of specific property to be thereafter delivered by the one to whom the credit is given either to the other or to some third person. Or, suppose there are a number of debts for which both are liable, and in the account each assumes and agrees to pay certain of them. Is it in its legal aspect anything more or less than an account stated upon which suit may be brought? Is it any less an account stated when credits are given upon promises not expressly set out in the account itself? Suppose a different, but similar, case. In a settlement between joint adventurers, one turns over to the other personal property, as a horse or an automobile, and receives a credit for an agreed-upon sum therefor on the account stated. It turns out later that he had no title to the property, and meantime the balance shown by the account is paid. Has the other party no remedy? The argu-

ment for defendant, appellant, leads, finally, to this: One who has received a credit in an account stated, as in the case at bar, may defeat an action upon the account stated by refusing before suit is brought upon the account stated to keep the promise upon which the credit was given. The principle controlling determination of the precise question presented would be the same if defendant had voluntarily paid the balance shown by the account stated. The holder of the notes he assumed and agreed to pay would have no right of action against him. If plaintiff, who was obliged to pay them, had no right of action, the result would obviously be morally wrong.

We do not regard it as important to state or in any way to review the facts antecedent to the judgment in the Federal court. They are stated with some detail in the opinion, 137 C. C. A. 415, 221 Fed. 857. It was conclusively determined by that judgment that the parties had with each other an account which they settled and stated. It was determined that by agreement the profits and losses of the California corporation venture were to be shared by them. It is not perceived how the facts thus determined can be regarded as disputable by defendant in this suit.

We find no legal objection to the course pursued by the plaintiff in this case. The established facts require the conclusion that defendant in paying the balance shown by the account stated to be due, and in refusing to pay the amount of the notes for which he received a credit in the account, has profited, at the expense of plaintiff, and in violation of his undertaking made to plaintiff, by the sum represented by the judgment. This is a different cause of action from the one instituted upon the account stated. It rests, it is true, in part, upon the account stated and, more remotely, upon the original undertaking of the parties; it is not an action upon the account.

It is said the alleged partnership is void because against public policy, and that in the suit upon the account stated this point was not raised and not decided. We think the point is not now open to defendant. As between himself and plaintiff, defendant received a credit in an account stated, the validity of which has been adjudicated. Out of that, and defendant's promise to pay the notes representing the credit, his refusal, and plaintiff's payment of them, this cause of action arises. That the item of credit represented the notes of the California bank is not disputed, except as the account itself and all of it is disputed. That defendant agreed with plaintiff to pay them is determined by the verdict as well as that plaintiff paid them.

With respect to issues open to defendant upon the trial of this cause, no errors were committed. As to those raised, but settled in the suit upon the account stated, the court, it is assumed out of abundant caution, submitted them to a jury but should have determined them as matter of law.

The judgment is affirmed, with costs to appellee.

BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred with OSTRANDER, C. J.

FELLOWS, J. (*dissenting*). The theory upon which the plaintiff recovered in this case was that he and defendant had agreed to share the losses of the Kimmerle Concrete Machinery Company; that on September 29, 1910, the parties came to an accounting upon such agreement; that upon such accounting a considerable sum of money was found to be due the plaintiff; that there was an account stated; that defendant was given credit in such account stated with the sum of $4,700, the amount of certain notes given by the company to the Bank of Southern California and indorsed by plaintiff, which notes defendant then agreed

to pay. Plaintiff also claimed that upon such accounting there was found to be due him the sum of $7,-883.08, which defendant also then agreed to pay. It is the plaintiff's claim that but $2,000 was paid by defendant on these notes. Defendant refused to pay the $7,883.08 to the plaintiff, paid no further sum on the notes, and on February 6, 1911, plaintiff was sued by the Bank of Southern California for the amount due on them. If the plaintiff's claim is taken as true the defendant made two promises, one to pay plaintiff $7,883.08 and the other to pay the Bank of Southern California the amount of the notes; these two payments to extinguish defendant's liability growing out of the California venture, and to settle and pay the account stated. Both promises were bottomed on the same transaction, had the same consideration, were made at the same time, were the result of the same accounting, both entered into the same account stated, and both constituted a part of the one contract of settlement of the differences between the parties. The breach of both promises had occurred when plaintiff brought his first suit. Had defendant promised to pay the amount found due the plaintiff upon such accounting in three equal monthly installments, and had breached his agreement in regard to all three of the installments, it could not be successfully urged that plaintiff had the right to split up his cause of action into three separate and different suits. He could in one action recover for all three of the installments and would be required so to do. *Kruce* v. *Lakeside Biscuit Co.,* 198 Mich. 736. I think the instant case is ruled by that case, and that a verdict should have been directed for the defendant.