# OCTOBER TERM, 1920.*

---

### A. KROLIK & CO. *v.* OSSOWSKI.

1. ACTION—PLEADING—WAIVER—OPEN ACCOUNT—ACCOUNT STATED.
    Where, in an action by creditors in justice's court on part of their claim, the defense was compromise and settlement of the claim, a defense equally applicable to a claim upon an open account and to a claim upon an account stated or entire demand, or to a claim for deficiency arising from the foreclosure of the chattel mortgage given as security, defendant did not thereby waive her right to the claim of account stated, presented as a defense in the second suit for the balance of the account, since she was not called upon to plead in the first suit that plaintiffs were not suing for the whole claim, they having the right to remit if they chose.

2. APPEAL AND ERROR — DEFENSE RAISED IN COURT BELOW — ACCOUNT STATED.
    There is no merit in plaintiffs' contention that the defense of account stated is raised for the first time in the Supreme Court, where the plea made orally in justice's court was sufficient to permit the defense that plaintiffs' claim was on one account or demand and that an adjudication upon a part of it was necessarily an adjudication upon the whole, and defendant's right so to defend was not questioned upon the trial.

3. ACTION — ACCOUNT STATED — MULTIPLICITY OF SUITS — RES ADJUDICATA—SEPARATE ACTIONS.
    Where a chattel mortgage, given to secure an open account, the whole account being thereby declared due, was foreclosed, resulting in a deficiency, and the debtor in writing admitted the correctness of the final balance against her, the claim of the creditors thereafter was not an open account within 3 Comp. Laws 1915, § 14217, but constituted an entire demand, on which separate actions might not

---

On right to sue upon separate items of an account for goods sold upon stated periods of credit, see note in 13 L. R. A. (N. S.) 529.

*Continued from Vol. 212.

be brought, so that a former proceeding before the justice
for part of the claim is a bar to the present action for the
balance.

Error to Wayne; *Marschner* (Adolph F.), J. Sub-
mitted October 5, 1920. (Docket No. 20.) Decided
December 21, 1920.

Assumpsit in justice's court by Dey Krolik and
others, copartners as A. Krolik & Company, against
Bernice Ossowski for goods sold and delivered. There
was judgment for plaintiffs, and defendant appealed
to the circuit court. Judgment for plaintiffs on a di-
rected verdict. Defendant brings error. Reversed,
and no new trial ordered.

*Leonard Kowalski* (*Clifton G. Dyer*, of counsel), for
appellant.

*Fixel & Fixel,* for appellees.

CLARK, J. In December, 1913, the defendant, then
a retail merchant in Detroit, being indebted to plain-
tiffs, partners, wholesale dealers in dry goods, also of
Detroit, in the sum of $2,981.63, on running or open
account, was induced by plaintiffs, through Mr. Fixel,
their credit man, in an effort to secure and collect their
account, to execute and deliver to Mr. Fixel, as trustee
for plaintiffs and other creditors, a chattel mortgage,
in form somewhat of a bill of sale, covering defend-
ant's stock of merchandise, store fixtures and book ac-
counts. The consideration named in the writing was
$6,400.05, which included the amount due plaintiffs.
Included in plaintiffs' account were bills not due.
These were made due by the writing, which also gave
the trustee the right of immediate possession and the
"right to foreclose without further notice." The trus-
tee took immediate possession and sold the stock. In

this he had the approval of defendant and of the creditors. The proceeds in two installments were distributed by plaintiffs, it seems, their checks being used in the payment of the first installment at least. Plaintiffs credited to the account of defendant the amounts of these installments retained by them, as of February 18th and April 27, 1914, respectively. The debit balance remaining was transferred to a loss and gain ledger and the account closed as of December 31, 1914.

By a computation it will appear that after crediting the avails of the sale under the mortgage there was a deficiency due plaintiffs from defendant of $967.54. On March 14, 1914, defendant signed, at Mr. Fixel's request, a ratification of the foreclosure sale and the distribution, which writing said in part:

"I have gone over the list of creditors as compiled by the said Adolph Fixel; that I find the same correct";

and there was attached to the writing a list of the creditors, showing the amounts of the accounts and of the installments paid, the part relating to plaintiffs being:

|  | 30% | 37.55% |
|---|---|---|
| "A. Krolik & Co., Detroit, 2,981.63 | 894.49 | 1,119.60" |

On February 8, 1919, plaintiffs commenced against the defendant in justice's court in Wayne county two suits. In each they declared in assumpsit in the amount of $500. In one case the bill of particulars was an itemized statement of a part of defendant's account:

"An itemized statement showing purchases from June 2d, 1913, to November 5th, 1913 (165 separate items) ...........................$2,609.01

        Credits
Itemized statement showing 16 small
    credits ......................... $112.43

```
1914
Feb. 18.  Cash  ....................  $894.49
Apr. 27  Cash  ....................  1,119.60   $2,126.52
                                                ----------
Balance due  ............................  $472.49"
                                                (482.49)
```

Defendant pleaded "the general issue with notice of compromise and settlement" and, it is inferred, sought to show an agreement that by the mortgage the account was to be fully satisfied. The plaintiffs had judgment for $500 and costs, which the defendant paid June 5, 1919, and the amount was entered in plaintiffs' loss and gain ledger.

In the other case in justice's court plaintiffs filed a bill of particulars of a later part of defendant's account as follows:

```
"An itemized statement showing purchases from
   November 5, 1913, to December 27, 1913 (60
   separate items)  .........................  $630.82
An itemized statement of credits from Novem-
   ber 10, 1913, to November 30, 1913 (16 sepa-
   rate items)  .............................   158.08
                                                --------
Balance due  ............................  $472.74"
```

Defendant pleaded the general issue with notice of "res adjudicata and compromise and settlement." Plaintiffs had judgment. Defendant appealed. Upon trial in the circuit court defendant contended in part and in substance that the claim of plaintiffs was an entire demand, that plaintiffs could not split their demand into two separate causes of action, and that the judgment in the first case in justice's court was a bar to recovery in the case in circuit court. When plaintiffs rested counsel for defendant made a motion that a verdict be directed in favor of defendant, urging in his argument in support of the motion the reasons aforesaid. The motion was denied. On motion of counsel for plaintiffs a verdict was directed for plain-

tiffs in the sum of $498.25, without costs, and judgment entered, which defendant reviews here on writ of error. Counsel for plaintiffs raise two preliminary questions which we consider first:

"(1) Appellant waived any possible claim of account stated, if there ever was an account stated, through failure to plead account stated in plaintiffs' previous suit on part of the same accounts.

"(2) The question of account stated cannot be raised for the first time in the Supreme Court, without intimation thereof in the lower court."

As to waiver, counsel cite 1 C. J. p. 709, § 334, and cases collected in the foot-notes: *Harrison* v. *Henderson*, 67 Kan. 202 (72 Pac. 878); *McCormick Harvesting-Machine Co.* v. *Wilson*, 39 Minn. 467 (40 N. W. 571); *Northern Line Packet Co.* v. *Platt*, 22 Minn. 413; *Rowell* v. *Marcy*, 47 Vt. 627.

By none of these is plaintiffs' contention sustained. They do hold that the advantage which a creditor is considered to have in having his account stated—the amount fixed or determined by agreement, expressed or implied—over having an open account where the items composing it must be proved, is waived by the creditor where his action is brought and defended upon his account as an open account. The plaintiffs in the first suit in justice's court declared upon a part of the claim. The defense was, as we have said and inferred, that the defendant did not owe the plaintiffs because of settlement and compromise of the claim. This was not defending upon an open account as such and the record does not show that such defense was made. The defense sought to be made was equally applicable to a claim upon an open account and to a claim upon an account stated or entire demand, or to a claim for deficiency arising from the foreclosure of the mortgage. And defendant was not there called upon to plead that plaintiffs were not suing for the

whole claim. They might remit if they chose. The defense made in the second suit, the case at bar, was not waived in the other suit in justice's court.

As to raising the defense of account stated, there is no merit in this contention. The plea in the case at bar, made orally, it seems, in justice's court, as above stated, was sufficient to permit the defense that plaintiffs' claim was on one account or demand and that an adjudication upon a part of it was necessarily an adjudication upon the whole. Defendant's right so to defend was not questioned upon the trial. The files in the former case in justice's court were received in evidence without objection. All other evidence of importance was brought in by plaintiffs. Defendant's counsel may argue the legal effect of such evidence. Saying that plaintiffs' claim was an account stated is to say that it was not an open account, that it was one account, an entire demand, an indivisible claim, or that by an adjudication upon a part the whole was adjudicated, and this was the substance of the argument of counsel for defendant in support of the motion for a directed verdict.

We come to the main question in the case. Counsel for plaintiffs here contend that the action is upon open account, that separate suits may be brought upon the claims embraced in an open account, subject, under section 14217, 3 Comp. Laws 1915, to the penalty of loss of costs in subsequent suits where the whole of the claim upon such an account is not included in one action. On this point counsel for defendant renews his contention made in support of his motion for a directed verdict. The statute (section 14217, 3 Comp. Laws 1915) provides:

"Plaintiffs, in action founded on open accounts, shall embrace all claims then due on account, or failing so to do, shall not recover costs in any subsequent suit on claims not so embraced."

The right to bring separate suits upon claims embraced in an open account has been recognized. See *Phelps* v. *Abbott,* 116 Mich. 624, and *Stickel* v. *Steel,* 41 Mich. 350.   But it is said in *Kruce* v. *Lakeside Biscuit Co.,* 198 Mich. 736, at page 739, that the authorities are not entirely harmonious. The law abhors multiplicity of suits.   Attempts to split a claim into separate causes of action have often met with disfavor. See *Kruce* v. *Lakeside Biscuit Co., supra; Kimmerle* v. *Lowitz,* 203 Mich. 482; *Jensen* v. *Gamble,* 191 Mich. 233; *Vincent* v. *Moore,* 51 Mich. 618; *Milroy* v. *Mining Co.,* 43 Mich. 231; *Dutton* v. *Shaw,* 35 Mich. 431; *Town* v. *Smith,* 14 Mich. 348; *Williams-Abbott Electric Co.* v. *Model Electric Co.,* 13 L. R. A. (N. S.) 529 (134 Iowa, 665, 112 N. W. 181).

Open account is defined:

"An open account is one which consists of a series of transactions and is continuous or current, and not closed or stated.   However, all accounts which are not stated or reduced to writing are not necessarily open accounts.   Thus, cases of bailment, or express contract defining the liabilities of the parties, whether evidenced by writings or not, are not as a general rule open accounts; nor is an admission of indebtedness in a precise ascertained sum, or a claim for money paid on the request of another."   1 C. J. p. 601.

See, also, 6 Words & Phrases, p. 4985; 1 Am. & Eng. Enc. Law (2d Ed.), p. 431.

The term "stated account" is used in opposition to the term "open account" and is defined:

"An account stated means a balance struck between the parties on a settlement; and where a plaintiff is able to show that the mutual dealings which have occurred between the parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance."   *Watkins* v. *Ford,* 69 Mich. 357 (quoting from syllabus).

"An account stated is an agreement between parties

who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance." 1 C. J. p. 678.

And it is said correctly:

"The term 'stated account' is but an expression to convey the idea of a contract having an account for its consideration, and is no more an account than is a promissory note or contract, having a like consideration for its support. *Auzerais* v. *Naglee*, 74 Cal. 60 (15 Pac. 371)." 1 C. J. p. 679, note.

By the agreement of December 30, 1913, the whole account was declared to be due. The correct balance was struck and agreed upon and the amount was carried into the chattel mortgage which defendant gave and which plaintiffs accepted as security for payment of the amount. And following the sale of the mortgaged property defendant, in a writing given to Mr. Fixel, admitted the correctness of the amount claimed by plaintiffs and of the amounts received by them from the said sale, and thus also admitted the amount of the deficiency. This writing above mentioned, though argued by counsel to be for the personal benefit of the trustee, was put in evidence by plaintiffs as a part of their case and which Mr. Fixel testified—"* * * is the acknowledgment by the defendant here as to the correctness of these accounts * * *," the accounts as set out in the writing.

That plaintiffs' claim was, strictly speaking, an account stated (see *Middleditch* v. *Ellis*, 2 Exch. 623; 1 C. J. p. 683) it is not necessary to determine. The term, however, is commonly applied to similar claims in opposition to the term, open account. See 13 L. R. A. (N. S.) 529; 1 C. J. p. 679. Plaintiffs' claim was not an open account. It constituted an entire demand. Separate actions could not be brought upon it. The

former proceeding before the justice is a bar to the present suit.   Defendant's motion that a verdict be directed in her favor should have been granted.

The judgment is reversed without a new trial.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.