### ALONZO J. ROWLEY v. LEONARD GROVER.

*Res Adjudicata.*

An adjudication by a bankrupt court in a certain case, that an attachment was a valid lien on such property as was actually levied upon more than four months before the bankruptcy proceedings were begun, does not fix the identity of the property attached, and in itself is therefore incompetent as evidence to determine the validity of specific attachments.

Error to Calhoun.    Submitted Oct. 25.    Decided Nov. 1.

REPLEVIN.    The facts are in the opinion.

*T. G. Pray* for plaintiff in error. ·

*Brown & Patterson* for defendant in error.

CAMPBELL, J.    Leonard Grover replevied certain property from Rowley which the latter claimed to hold under an execution levy against Powell Grover. Leonard Grover claimed under transfer from his mother Elizabeth Grover in August, 1869. The execution which was issued in 1871 was in a suit which had been commenced by attachment in May, 1869.

October 19, 1869, Powell Grover commenced proceedings in bankruptcy, and in November, 1869, was declared a bankrupt, and Cornelius J. Reilly became his assignee. In October, 1870, the assignee filed a petition to determine the rights and priorities of various parties supposed to be interested in the estate, in which, among other things, it was adjudged that the attachment in question was valid against the assignee and a lien on such property as was actually levied upon at any time more than four months before the bankruptcy proceedings were commenced, and that the attachment creditors were liable for all property taken by them or by their orders and not actually levied on originally as aforesaid.

This evidence was offered as determining the validity of the attachments, but was held not to amount to such an adjudication.

We think this holding was right. All the court really held was that the attachment proceedings being begun more than four months before the bankruptcy proceedings were not void as against those for any property lawfully attached at that time. There is no attempt to determine what property was or was not legally attached. That was left to be determined when it should become necessary in any forum where the question should arise. It is not disputed here that the proceedings were properly begun. It is disputed that the property in question was bound by the attachment, and that question is not touched by the bankruptcy decree.

It is further urged that after Leonard Grover had shown a conveyance from the assignee in bankruptcy of Powell Grover's interest, these proceedings became relevant and important and should have been admitted.

But the same difficulty still applies. They do not pass upon the validity of the attachment levy, and whether the property belonged to Powell Grover or his wife, they are no adjudication that the attachment covered them. If not, then the assignee took whatever title Powell Grover had, and could lawfully assign it to Leonard Grover.

The pertinency of the proceedings in the bankrupt court for any other purpose does not appear in the record before us, and it is not necessary to consider how far they could be regarded as concluding any rights which we have no means of clearly identifying.

Judgment must be affirmed with costs.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.