GRESHAM B. WARD *vs.* J. P. JOHNSON *et al.*

57  301
63  13.

Argued May 18, 1894. Reversed May 24, 1894.

No. 8851.

**Evidence sufficient to submit the question to the jury.**

Evidence considered, and *held* to make a case for the jury on the question whether the purchaser of a promissory note made the purchase with notice of facts claimed by the makers as a defense.

Appeal by defendant, J. P. Johnson, from an order of the District Court of Douglas County, *D. B. Searle*, J., made December 20, 1893, denying his motion for a new trial.

On June 16, 1890, the defendant Johnson and fourteen others, farmers residing near McIntosh, bought an imported stallion of Thompson & Cowan and in part payment made their joint and several promissory note for $750 and interest payable to Thompson & Cowan or order on November 1, 1892. This note was delivered to the payees and was sold by them July 7, 1890, to the plaintiff,

Gresham B. Ward, who brought this action thereon against Johnson and others. Johnson alone answered claiming that he signed it on Sunday, June 15, 1890, and that the date was subsequently altered to June 16, 1890, without his knowledge or consent. He further claimed that the note was obtained by certain false and fraudulent statements set forth in the answer and that it was not to be delivered or of force unless twenty solvent persons signed it. He further claimed that plaintiff was not a *bona fide* purchaser of the note, but had knowledge and notice of these defenses when he took it. At the trial plaintiff introduced the note in evidence and rested. Johnson was a witness in his own behalf. The Judge submitted the question of the alteration of the date to the jury but withdrew all others and directed them that if they found no alteration, then to return a verdict for plaintiff for the amount of the note with interest. Defendant Johnson excepted. Plaintiff had a verdict. A motion was made for a new trial and denied. Defendant appeals. The discussion here was on the evidence, whether it was such as to require the Judge to submit to the jury the question of notice to plaintiff of the defenses, when he purchased the note.

*H. Steenerson,* for appellant.

*Jenkins & Treat,* for respondent.

GILFILLAN, C. J. The action is on a joint and several promissory note indorsed to plaintiff. The defenses are: First, that the note was, after signing by defendant, fraudulently altered; that it was signed by defendant upon the understanding between him and the payees that it was not to take effect until certain other parties should sign it; that the payees were to procure such other parties to sign, and it was left with the payees for that purpose; and that the signatures of such other parties were never procured.

The trial court submitted only the first of these defenses to the jury, and the plaintiff had a verdict.

The court withdrew the second defense from the jury, on the ground that there was nothing indicating that the plaintiff, when he purchased, had notice of any facts which would constitute a defense between the original parties. There was evidence tending to prove the facts alleged in that defense. On the other hand, the plaintiff showed beyond question that he purchased before maturity, and for

a valuable consideration; and there remained the question, was there a case for the jury on the matter of notice to him, at the time of his purchase, of the facts showing the note had never been completed?

The note was dated June 16th and transferred to plaintiff July 7th, 1890. The testimony of one of the payees tended to show (not very clearly, perhaps) that, within a very few days after the transfer, he took the note for the purpose of endeavoring to get, and did endeavor to get, the signatures of the other parties who were to sign, and had not signed it. Now, if the jury had found, as they might have done from that testimony, that such payee got the note from plaintiff, they would have been justified in the inference that the plaintiff knew it was for the purpose of having it completed by the signatures of those who were to but had not signed it; and, from the transaction occurring so very soon after the transfer to him, they might, in the absence of any explanation, conclude he knew of the incompleteness of the note when transferred to him.

There was a case for the jury on the question, and it was error to withdraw what we have designated the second defense from the jury.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 189.)