## McCLINTOCK v. AYERS ET AL.*
(No. 1344; March 1, 1927; 253 Pac. 658.)
(Rehearing Denied April 26, 1927; 255 Pac. 355.)

GUARANTY—EVIDENCE OF INCOMPLETE CONTRACT—CONDITION PRECEDENT TO GUARANTY—DELIVERY—TRIAL — INSTRUCTIONS — BURDEN OF PROOF—APPEAL AND ERROR—WAIVER OF ASSIGNMENTS—CONDITIONAL DELIVERY—QUESTION FOR JURY—BANKS AND BANKING—NOTICE—EXCEPTIONS.

1. Written guaranty of payment of money borrowed by bank from plaintiff does not become effective, if delivered with notice to plaintiff that signature of another was condition precedent to its validity, where such signature was not obtained.

2. Where writing is put forward against party as his contract, parol evidence rule does not prevent him from showing that it never became completed contract for want of fulfillment of condition precedent.

3. Where written guaranty of payment of money borrowed by bank was manually delivered to creditor and was complete on its face, signers, relying on creditor's failure

to fulfill condition precedent by obtaining additional signature, had burden to prove such condition and creditor's knowledge thereof.

4. In action on written contract of guaranty, instruction that, if defendants signed on condition that another also sign, and plaintiff had knowledge of such condition, plaintiff cannot recover, where additional signature was not obtained, *held* erroneous in referring to signing rather than delivery of contract, and in not requiring condition to be precedent, and error was not cured by incidental mention of issue in another instruction.

5. Where burden was on defendants to prove that written guaranty complete on face was delivered subject to condition precedent, and that plaintiff had knowledge thereof, correct instruction on burden of proof, if requested, should be given.

6. Failure to discuss assignments as to giving and refusal of instructions *held* not to waive them, where pertinent legal principles were thoroughly briefed and discussed in connection with arguments as to sufficiency of evidence.

7. In action on written guaranty of payment of money borrowed by bank from plaintiff, in which defendants contended that guaranty was delivered, subject to condition precedent that another signature be obtained, evidence *held* sufficient to take case to jury.

8. Supreme Court will not direct judgment to be entered, even though evidence was insufficient to take case to jury unless admitted facts require it, or case could not be strengthened on another trial, since Comp. St. 1920, § 5897, is not mandatory.

9. Condition precedent to validity of written guaranty that another signature be obtained before it became effective may be shown by facts and circumstances as well as by set form of verbal expression.

10. Notice to president of creditor bank of condition precedent to validity of written guaranty will be imputed to bank, notwithstanding that he was stockholder in debtor bank, whose directors signed guaranty, since fact that he was

stockholder in debtor bank will not raise presumption that he would not faithfully discharge duties as president of creditor bank.

ON PETITION FOR REHEARING

11.  The whole record, including exceptions by respondents not brought up for review, is available for the purpose of showing that errors assigned by appellant were not prejudicial.

12.  While Supreme Court might, perhaps, of its own motion, examine the whole record to determine whether an appellant or plaintiff in error was prejudiced by an erroneous ruling, it cannot be expected to do this always.

*See Headnotes: (1) 28 CJ p. 896 n. 6; p. 900 n. 58. (2) 22 CJ p. 1148 n. 99; p. 1150 n. 3; p. 1153 n. 9. (3) 28 CJ p. 914 n. 11, 12; p. 915 n. 16, 19; p. 1025 n. 5. (4) 38 Cyc. p. 1782 n. 82. (5) 38 Cyc. p. 1748 n. 88. (6) 4 CJ p. 1072 n. 33; p. 1073 n. 43. (7) 28 CJ.p. 1032 n. 1, 2. (8) 4 CJ p. 1186 n. 72, 73, 74; p. 1188 n. 95. (9) 28 CJ p. 1031 n. 89. (10) 7 CJ p. 530 n. 71; p. 531 n. 72; p. 533 n. 78; p. 535 n. 94. (11) 4 CJ p. 673 n. 23. (12) 4 CJ p. 673 n. 23 New.

APPEAL from District Court, Converse County; CYRUS O. BROWN, Judge.

Action by T. E. McClintock, receiver of the Citizens' National Bank of Cheyenne, a corporation, with its principal place of business at Cheyenne, Wyo., against William L. Ayers and others. Judgment for defendants, and plaintiff appeals. Rehearing denied—See 245 Pac. 298, also 255 Pac. 355.

*W. C. Mentzer,* for appellant.

The guaranty was signed by each of defendants and placed in the hands of one of defendants for delivery to the bank; it was delivered unconditionally to induce extention of credit and discounts for the Platte County State Bank; plaintiff bank relied thereon and discounted notes and advanced funds thereon to borrowing bank; defendants were stockholders and directors of Platte

County State Bank and interested in its success; as such officers and directors, they knew that the guaranty had been delivered to plaintiff bank, thereby inducing it to discount paper for their bank; plaintiff bank would not have discounted said paper but for the execution and delivery of said guaranty; the foregoing propositions are clearly established by the evidence; the contract was more than one of mere guaranty and defendants are liable; Bank v. Cownie, (Ia.) 145 N. W. 904; Bank v. Gay, (Conn.) 17 A. 555; Trust Co. v. Evans, 188 Fed. 549; Mauran v. Bullus, (U. S.) 10 L. Ed. 1056; Stearns v. Jones, (Tenn.) 199 S. W. 400; Bell v. Bruen, (U. S.) 11 L. Ed. 89. Defendants' action in permitting plaintiff to extend credit, knowing that the guaranty had been delivered without additional signatures, estopped them from setting up this defense; White Co. v. Saxon, (Ala.) 25 So. 784; Baird v. Stephan, (N. D.) 204 N. W. 188; Surety Co. v. County, 194 Fed. 593; State v. Potter, 63 Mo. 212; Dair v. U. S., 21 L. Ed. 491; Hill Co. v. Grocery Co., (Tex.) 127 S. W. 1080; State v. Lewis, (N. C.) 21 Am. Rep. 461; Drovers' Co. v. Packing Co., (Kan.) 86 P. 128. There was either an unconditional delivery or a waiver of further signatures; Comstock v. Gage, 91 Ill. 328; Van Norman v. Barbeau, 54 Minn. 388; St. Louis Ass'n. v. Hayes, 97 Fed. 859. A conditional delivery must be made in escrow and to a third person; there can be no conditional delivery to an obligee or payee; Ins. Co. v. McMillan, 29 Ala. 147; Clanin v. Co., (Ind.) 3 L. R. A. 853; Carter v. Moulton, (Kan.) 32 P. 633; Lefkovits v. Bank, (Ala.) 44 So. 613; Moss v. Co., (U. S.) 3 L. Ed. 123; 16 Cyc. 572; Whitney v. Dewey, (Idaho) 80 P. 1117. An unconditional delivery will be presumed in view of the evidence; Bank v. Co., (Utah) 48 P. 402; Mullen v. Morris, 43 Nebr. 695; Chouteau v. Suydam, 21 N. Y. 179; Johnson v. Weatherwax, 9 Kan. 75; Roberts v. Greig, (Colo.) 62 P. 575; Christy v. Hammitt, (Colo.) 233 P. 831; Bank v. Burgwyn, (N. C.) 14 S. E. 623. The evidence fails to show any condition attached

to the execution and delivery of the guaranty, by any of the defendants, and the defense is not available; Wadsworth v. Smith, 43 Ia. 439; Berkey v. Judd, 34 Minn. 393; Reed v. McGregor, 62 Minn. 94; Whitaker v. Richards, 134 Pa. 191; Shelton v. Michael, (Cal.) 160 P. 578; Russell v. Freer, 56 N. Y. 67; Hart v. Co., 53 Neb. 153; Mining Co. v. Bird, (Colo.) 44 P. 764; Edwards v. Bank, (Okla.) 201 P. 233; Ins. Co. v. Brooke, 51 Me. 506; Klemm v. Weil, (Ia.) 190 N. W. 388; Hall v. Bank, (Colo.) 220 P. 237; Merrill v. Muzzy, (Wash.) 39 P. 277; Mullen v. Morris, supra; Bank v. Boddicker, (Ia.) 75 N. W. 632; Machine Co. v. Simon, (Wis.) 80 N. W. 71; Flint v. Nelson, (Utah) 37 P. 479, affirmed in Nelson v. Flint, 166 U. S. 276; Doorley v. Lumber Co., (Kan.) 46 P. 195; Joyce v. Cockrill, 92 Fed. 838; Surety Co. v. Schmidt, 213 Fed. 199. Defendants are estopped; Dair v. United States, supra. The defense is not pleaded; Bank v. Co. (Utah) 165 P. 462; Sawyers v. Campbell, (Ia.) 78 N. W. 56; Davis v. Gray, 61 Tex. 506; Benson v. Gerlach, 4 N. Y. S. 273. It was the duty of the guarantors, and not of plaintiff bank, to have the guaranty executed in such manner that the obligations assumed would be those they intended to assume; Surety Co. v. County, 194 Fed. 593; Joyce v. Auten, (U. S.) 45 L. Ed. 332; McGregor v. Skinner, (Tex.) 47 S. W. 398. The Platte County bank had notice; Bank v. Purdy, 91 N. Y. S. 310; Bank v. Bryan, (W. Va.) 78 S. E. 400; Bank v. Ritz, (W. Va.) 74 S. E. 679; Bank v. Northrup, (Kan.) 109 P. 672; Bank v. Pierce, (Wash.) 33 P. 972; Securities Co. v. Mining Co., (Utah) 192 P. 664; Holm v. Bank, 84 Fed. 119, and cases cited. Notice of acceptance of the guaranty may be waived in the instrument; 28 C. J. 908. The guaranty is absolute on its face; 28 C. J. 815; Frost v. Herbert, 118 P. 1095. It is without limit as to time; 28 C. J. 961, and note 30. It was of a continuous character; 28 C. J. 961, 962; Bond v. Co., 172 Fed. 58; Bank v. Cancienne, (La.) 74 So. 267; Bradshaw

v. Sibert, (Minn.) 158 N. W. 830. This court has authority to direct a judgment against defendants and in favor of plaintiff; 5897 C. S. 1920.

*Kinkead, Ellery & Henderson,* for respondents.

Appellant apparently submits the case on the sole proposition that the court below erred in overruling his motion for judgment notwithstanding the verdict; it is not claimed that the lower court erred in not granting plaintiff a new trial; it is not error to deny a motion that cannot be allowed in the form as presented; Mitter v. Coal Co., 28 Wyo. 439-446; 28 Cyc. 17; Cash Register Co. v. Merrigan, (Minn.) 181 N. W. 585; Wyman-Partridge & Co. v. Bible, (Minn.) 184 N. W. 45; hold that where a party asks, not for a new trial but only for judgment notwithstanding the verdict, the only question is whether the evidence is conclusive against the verdict; see also, Northwestern etc. Co. v. Williams, (Minn.) 151 N. W. 419; Bragg v. Ry. Co., (Minn.) 83 N. W. 511; Helmer v. Sheblin, 151 N. W. 421. Appellant has not brought himself within the provisions of Section 5897 C. S.; Campbell v. Weller, 25 Wyo. 83; Cruikshank v. Ins. Co., 77 N. W. 958; Bennett v. Ry. Co., (Minn.) 131 N. W. 1066; Meehan v. Ry. Co., (N. D.) 101 N. W. 183. To justify such judgment, the record must show that the verdict was not justified by the evidence, and that a different result would not probably follow a new trial; Richmire v. Co., (N. D.) 92 N. W. 819; Indemnity Co. v. Schroeder, (N. D.) 95 N. W. 436. Where an apparent insufficiency of proof might be supplied, denial of the motion is proper; 33 C. J. 1185. Where defects in pleadings are cured by a verdict, the motion will not be granted; Merritt v. Cravens, (Ky.) 181 S. W. 970; Bank v. Kelly, (N. D.) 152 N. W. 125; Lydon v. Bank, 235 P. 27; 33 C. J. 1182. Under Section 5897 C. S., a motion for directed verdict must precede motion for judgment notwithstanding the verdict; Jones v. Ry. Co., 23 Wyo. 148; Richmore v. Co., supra; Campbell v. Weller, supra. Estoppel, not having been pleaded, a discussion of

the law of estoppel seems unnecessary; if the guaranty was delivered upon condition, and knowledge of such condition was brought home to the obligee at the time of delivery, the contract was not effective until condition was complied with; and the fact that the contract was found in the possession of the obligee became, and was, immaterial; parol evidence is admissible to show that a contract was delivered, to become binding, only upon the performance of a condition or the happening of some contingency; 9 Enc. of Ev., 494; Cavanaugh v. Beer Co., (Ia.) 113 N. W. 856; Manville v. Weaver, (Wash.) 102 P. 36; O'Fallon Supply Co. v. Tagaliaferro, (N. M.) 224 P. 394. The other surety, who should have signed, was named as one of the sureties in the bond, a circumstance which placed the obligee upon inquiry; this agreement was referred to in the evidence as a ''director's guaranty'', and the president of appellant bank had told respondents that it was to be signed by all of the directors; the obligee had constructive notice of the agreement; Husack v. Clifford, 100 N. E. 466. Notice to the president was notice to the obligee; Henry v. Cartwright, (N. M.) 89 P. 309; Palling v. U. S., 2 L. Ed. 601. A bond incomplete on its face, suggesting nonperformance of some condition imposed by the surety, gives notice to the obligee and relieves the surety; Darr v. U. S., 16 Pallace 1, 21 L. Ed. 491. The failure of Stone to sign, put the bank upon inquiry as to whether or not a condition was imposed that Stone sign; Bank v. Boddicker, (Ia.) 75 N. W. 632; 28 C. J. 914. Parol evidence is admissible to establish that a surety or guarantor signed an obligation on condition that it should not be delivered or be binding until signed by others, and delivery without compliance with such condition is ineffectual to give validity to the agreement; Clark v. Williams, (Minn.) 62 N. W. 1125; Trust Co., v. Crane, 168 N. Y. S. 639; Pearsell Co. v. Jefferies, (Mo.) 105 Am. St. Rep. 496; Bank v. Barrmon, (Ill.) 16 N. E. 210; Bank v. Co., 48 P. 402; Burk v. Dulaney,

(U. S.) 38 L. Ed. 698; Ware v. Allen, (U. S.) 32 L. Ed. 563; Machine Co. v. Simon, (Wis.) 80 N. W. 71; Campbell Printing Press v. Powell, (Tex.) 14 S. W. 245; Smith v. Kirkland, (Ala.) 1 So. 276; Goff v. Bankston, 35 Miss. 518; Rothsten v. Weeks, 195 N. W. 49. Where a bond contained names of other obligors than those signing the same, and is delivered without the signature of all, or where the obligee had knowledge that would put him on inquiry, if pursued, the burden of proof is upon obligee to show that delivery to him was by consent of those signing it; Novak v. Pitlick, 94 N. W. 916. Such is the rule in Nebraska, New Jersey and Massachusetts, and it apparently stands unquestioned by a court of last resort in any other state; the question of estoppel, and whether the contract could be delivered in escrow, is not involved in this case.

*W. C. Mentzer,* in reply.

A motion for a judgment, notwithstanding verdict, does not prevent subsequent motion for new trial; 5870 C. S.; Hall Oil Co. v. Barquin, (Wyo.) 237 P. 255. The appeal statute, 6405 C. S., et seq., makes no provision for motion for new trial; Allen v. Lewis, (Wyo.) 177 P. 433. The nature of defendant's answer does not prevent a judgment notwithstanding verdict; 5897 C. S., Campbell v. Weller, (Wyo.) 164 P. 881; Dow v. Bryant, (Wyo.) 206 P. 1061; Union Pacific R. Co. v. Market Co., (Wyo.) 206 P. 143; 38 Cyc. 1565. A directed verdict is proper if, on the evidence, the court should be compelled to set aside a contrary verdict; In re Baldwin's Estate, (Calif.) 123 P. 267; Ross v. Co., (Cal.) 191 P. 703; R. R. Co. v. Bank, 123 U. S. 727; Patillo v. Co., 131 Fed. 680; Gentry v. Singleton, 128 Fed. 679; Bank v. Beeson, (Okla.) 231 P. 844; McCormick v. Holmes, (Kan.) 21 P. 108; Hart v. Ry. Co., 196 Fed. 180; Boswell v. Bank, (Wyo.) 92 P. 624; Calkins v. Mining Co., (Wyo.) 171 P. 265; Scott v. Co., (Mich.) 135 N. W. 110; Cook v. Bolduc, 24 Wyo. 281. Motion for directed verdict is in the record, in the manner provided

by Section 6406 C. S.; this fact cannot be disputed by respondents' brief; O'Malley v. Carrick, (Cal.) 212 P. 45; Hudgins v. Kemp, 15 L. Ed. 511; Bank v. Miller, (Kan.) 54 P. 1070; Leggett v. Evans, (Idaho) 102 P. 486; Richmond v. Co., (Cal.) 169 P. 356; Foley v. Express Co., (Cal.) 232 P. 169; Bank v. Harding, (Kan.) 70 P. 655; Stoner v. Mau, (Wyo.) 73 P. 548; Kirkpatrick v. Wheeler, (Colo.) 8 P. 654. Estoppel in pais need not be pleaded; 21 C. J. 1241; Letta v. Co., 285 Fed. 707; Mill Co., v. Ry. Co., (Wis.) 161 N. W. 741; Goldstein Co. v. Mitchell, 14 Oh. App. 231; Lang v. Lundy, 185 Mich. 390; Bank v. Co., 41 O. S. 552; Lellman v. Mills (Wyo.) 87 P. 985. Plaintiff did not have an opportunity to plead estoppel; Schutz v. Colvin, 55 O. S. 274; Colwell v. Co., (Mont.) 210 P. 765; Mascall v. Murray, (Ore.) 149 P. 517; Powell-Sanders Co. v. Carssow, (Idaho) 152 P. 1067; Capital Lumber Co. v. Barth, (Mont.) 81 P. 994. If the facts constituting estoppel are sufficiently pleaded, the party is entitled to the benefit thereof; Bank v. Thomas, (Nebr.) 65 N. W. 895; City v. Costello, (Wash.) 106 P. 764; City v. Co., 212 Fed. 353; Molina v. Ramirez, (Ariz.) 138 P. 17; Jones v. Co., (Okla.) 153 P. 655. The delivery was not conditional; it was no defense that defendant told plaintiff's agent that the paper was conditionally delivered; Sewing Machine Co. v. Simon, (Wis.) 80 N. W. 71. The name of a second person in a bond, as surety, is not of itself notice that the instrument is incomplete without his signature; 45 L. R. A. 329; Novak v. Pitlick, (Ia.) 94 N. W. 916; Husak v. Clifford, (Ind.) 100 N. E. 466; State v. Lewis, (N. C.) 21 Am. Rep. 461. There was no evidence that the instrument was delivered conditionally.

KIMBALL, Justice.

This action was commenced by the Citizens National Bank of Cheyenne on a written guaranty signed by the six defendants, who were directors of the Platte County State Bank located at Wheatland. Both banks are now in the hands of receivers. In this opinion, we shall refer

to the Citizens National Bank as plaintiff, though its receiver has taken over the litigation. Of the six defendants two, W. E. Sloan and J. T. Ayers, were not served, and entered no appearance. Another, Otto E. Rouse, seems to have filed no answer or other pleading, and made no defense, but was present at the trial apparently as a witness only. He was the cashier, as well as a director, of the Platte County Bank. The other defendants, Wm. L. Ayers, U. S. Jones and Charles R. Mason, contested the case. A trial to a jury resulted in a verdict and judgment for the defendants, and the receiver brings the case here by direct appeal.

The answering defendants set up several defenses, but when the case was ready to go to the jury, all the defenses had been decided in favor of plaintiff on points of law, except the defense of conditional delivery of the purported guaranty. This defense was pleaded in the answer substantially as follows: The defendants alleged that it was agreed and understood by the plaintiff and defendants that E. W. Stone would sign the guaranty jointly with the defendants, and that the writing would not constitute a contract, or be deliverable as such, unless the said E. W. Stone did sign it; that the writing was placed in the possession of plaintiff in order that it might be available to be signed by said Stone, and was never executed by delivery to plaintiff for the purpose of constituting a perfected contract; that plaintiff knew that the writing was to be signed by Stone before it became binding on the defendants, and knew that it was placed in possession of plaintiff for no other purpose than to make it possible for Stone to sign it.

The verdict was a finding for defendants on the issue raised by this plea. The plaintiff contends that the evidence shows that the contract was delivered without the condition alleged; that, if there was a conditional delivery, the defendants were estopped from relying on it, and that the trial judge should have directed a verdict for

plaintiff, or granted its motion for judgment notwithstanding the verdict.

The writing in question was dated and signed January 13, 1921. It was commonly referred to as a "directors' guaranty," but does not contain anything to show an intention that it should be signed by directors or that the signers were directors. The writing is addressed to the plaintiff, and its introductory words are:

"The undersigned, being interested in the business success of Platte County State Bank and desiring to assist it in obtaining credit with you and money from you, hereby request and authorize you to extend or advance to said Platte County State Bank such credit," etc.

We shall not recite the rest of the writing, but for the purposes of this appeal may assume that, if it became effective as a contract, the signers guaranteed full payment at maturity of all paper of the Platte County Bank purchased or discounted by plaintiff.

For some time before the writing was signed, the plaintiff and the Platte County Bank had been closely associated. Several of plaintiff's stockholders, directors and officers, including Mr. Yoder, president, Mr. Stone, vice-president, and Mr. Hirsig and Mr. Gilland, directors, were stockholders also in the Platte County Bank. The plaintiff was much the larger bank, and was looked to by the smaller bank when in need of funds. For the supposed mutual benefit of the two institutions it was the custom of Platte County Bank to make loans that it could not carry without assistance from the plaintiff. The paper so acquired by the Platte County Bank would be discounted with plaintiff. The plaintiff, for its protection, required that the directors of the other bank guarantee the paper by a separate, written guaranty like the writing in question. It seems that a similar guaranty had been signed a year before, at the beginning of the year 1920, and that it was expected that one would be signed by the

directors each year immediately following the annual stockholder's meeting in January when the directors for the ensuing year were elected. Mr. Stone and defendant Wm. L. Ayers were directors during the year 1920, and were both re-elected directors for the year 1921. Defendant Wm. L. Ayers testified to a conversation with Mr. Yoder, plaintiff's president, in December, 1919, when a directors' guaranty was about to be signed for the year 1920. This conversation was thus related by the witness:

"Mr. Yoder says, 'looks as though we would have to get some money some wheres to take care of these withdrawals,' and he says, 'it's customary that directors, for all directors to give directors' guarantee to raise money,' and I asked what he meant by directors' guarantee, and he said 'that is directors' guarantee that all directors is to sign, it is a custom, yearly transactions between banks,' and I said, 'has all directors got to sign that?' and he says, 'yes they have,' and he says 'yes,' and I says, 'Mr. Stone to sign too?' and he says 'yes sir, he is Vice President of this bank and he has got to sign with the rest of you,' and I says, 'alright, if he has to sign it I will sign it.'"

On cross-examination in regard to the same conversation, the witness testified: "He (Yoder) said, "all directors have got to sign this guarantee," and I said "Mr. Stone and all directors?" and he said, "yes, all directors." Also: "I told him if Stone signed it I would sign it, but I would not sign unless all directors signed."

The witness testified that he had the foregoing conversation in mind when, a year later, he signed the guaranty in question. Asked to give his reasons for insisting on Mr. Stone's signature, he testified that Mr. Stone was an experienced practical banker, supposed to be a man of means, and, as active Vice-President of plaintiff, in a position "to look after the whole business."

Defendant Mason testified that, about a month before the signing of the writing in question, Mr. Dumm, the

plaintiff's cashier, in a general conversation on the subject of directors' guaranties, told the witness that such guaranties, to be legal or binding, must be signed by all directors.

The blank form of guaranty was sent to the Platte County Bank January 7, 1921. It was enclosed with a letter from Mr. Dumm, the plaintiff's cashier, which reads:

"Enclosed please find our form of directors' guaranty. Kindly have the same executed at your regular annual meeting and return the same to us for our files covering the year 1921."

The annual meeting of stockholders of the Platte County Bank was held January 12, 1921. Yoder, Gilland and Hirsig, interested in both banks, were present. The six defendants and E. W. Stone were elected directors. The defendants were all present, but Stone was neither there nor expected. The directors' guaranty was mentioned that evening, but not discussed. It was not discussed very much at any time. This is explained, perhaps, by the fact that the signing of the guaranty was a repetition of what had been done a year before, and looked to as an annual event. The writing was signed the following day. Defendant Wm. L. Ayers' testimony in regard to his signing may be summarized as follows:

"I afterwards, on January 13, 1921, signed that guaranty. I had signed a previous one the previous January. I would not have signed that instrument, or either of them, but for the assurance that had been given me by Yoder as president of the Citizens National Bank, and I would not have signed it except on condition that Mr. Stone signed it, and the assurance of Mr. Yoder as president of the Citizens National Bank that Stone would sign it from year to year. I was the first to sign the guaranty, which was characterized as a directors' guaranty, and then it was delivered over to Mr. Rouse and signed by the other

defendants. Mr. Stone was the only other director, and he was in Cheyenne.

"It was lying on Mr. Rouse's desk when I signed it, and after I signed it it was left right there on the desk and Mr. Rouse was to send it to the Citizens National Bank after the rest of the directors at Wheatland signed, to have Mr. Stone complete it."

Being asked on cross-examination whether it was not the fact that he had simply expected Mr. Stone would sign because he was a director, the witness replied, "I didn't expect it, he was to sign it."

Defendant Jones testified that after the adjournment of the meeting on the 12th, Mr. Rouse, in the presence of Yoder, Hirsig and Gilland, said he had a form of directors' guaranty which he would fill out to be signed the next day, or before he sent it down to Cheyenne for Mr. Stone to sign. That he (the witness) signed the guaranty the following day, being the last of the six defendants to sign; that he signed it on condition, and directed Mr. Rouse "to send it to Cheyenne to get the signature of Mr. Stone;" that he told Mr. Rouse he signed on that condition.

After the writing was signed by the six defendants, Mr. Rouse mailed it to the plaintiff with a letter addressed to Mr. Dumm, as follows:

"As requested in your letter of January 7th, we have had the Directors' Guaranty executed which you sent us, and enclose same to you herewith for your files."

The letter was signed by Mr. Rouse as cashier.

What happened at the plaintiff bank when the paper was received there, is related by Mr. Stone. He testified that the guaranty was first presented to him by Mr. Dumm who asked the witness to sign, stating "that it was a directors' guarantee of the Platte County Bank to cover discounts handled by the Citizens National Bank for that

Bank, and that it was understood that all of the directors should sign the paper.'' Mr. Stone refused to sign, and a few minutes later the writing was again presented to him —this time by Mr. Yoder. Quoting the witness:

"Mr. Yoder came to my desk and presented this instrument and asked me to sign it, and I told him I had never agreed to sign it and did not care to sign it; he said that by a recent arrangement with the directors of the Platte County Bank that all of the directors had agreed to sign a guarantee, and that I was expected to sign it."

There is no evidence to show that Mr. Stone had ever promised to sign the guaranty, or that, until he was approached by Mr. Dumm, he had ever expressed an intention not to sign it.

While Mr. Yoder denied knowledge of any condition attached to the signing and delivery of the guaranty, it is to be gathered from his testimony that he knew that defendants and plaintiff wanted and expected Mr. Stone to sign, and he admits his and Mr. Dumm's futile efforts in that regard.

The defendants were not notified of Mr. Stone's refusal to sign, but the guaranty was retained and acted on by the plaintiff.

We think the answer pleaded a good defense. It was alleged in substance that the answering defendants signed the writing on the condition that it would not constitute a contract until signed also by Stone; that it was delivered to plaintiff for the purpose of procuring Stone's signature; that plaintiff knew of the condition on which the writing was signed by defendants and the purpose for which it was manually delivered to plaintiff. The defendants had the right to impose the condition whatever their reasons (Hall v. Parker, 37 Mich. 589, 26 Am. Rep. 540,); and if it was imposed as a condition precedent and the plaintiff had notice of it, and the additional signature

was not obtained, the writing did not become effective as a contract.

In giving our views with reference to the applicable principle, we adopt the explanation of Professor Wigmore. In paraphrasing, we do not retain the author's technical accuracy of statement. The so-called parol evidence rule applies to those writings only that have become final and complete. Whenever, therefore, a writing is put forward against a party as his contract, no principle prevents him from showing that the writing never became a completed contract. Usually, the parties intend that a writing like that in question in this case shall become effective as a contract upon its manual delivery to the obligee. But this is not always so, and in deciding whether there has been such a delivery as puts the writing into effect as a contract, no specific manual act is decisive. We do not now speak of sealed instruments, or writings affecting interests in lands. Other writings have come down to us without the tradition of delivery as a formal or arbitrary mark of finality, and, at least since the leading case of Pym v. Campbell, 6 E. & B., 370, it has been well understood in most jurisdictions that the finality of the writing depends on the circumstances of each case, and that it may be left to depend on a condition precedent even when the writing has been provisionally handed to the obligee or payee. The opportunity for doubt arises, not from any question as to the correct theory, but from the difficulty of distinguishing in practice the principle just stated and that other principle that forbids the reception of parol evidence to contradict or vary a written memorandum of a contract. By the parol evidence rule, a condition subsequent must be contained in the writing in order to be enforced, and an oral one is ineffective. By the other principle, the writing does not become effective as a contract until the final moment appointed, and that may by the parties be made to depend on some future event which thus becomes a condition precedent to the

existence of a contract. Theoretically, these two things
are entirely distinct, but in practice it is often difficult to
tell whether the condition is one that varies the writing,
or merely one that, unfulfilled, prevents the writing from
becoming effective as a contract. Wigmore on Evidence
Secs. 2408, 2410, 2435. On the general principle, see:
Williston on Contracts, Sec. 634; Burke v. Dulaney, 153
U. S. 228; 14 S. Ct. 816; 38 L. Ed. 698; Blewitt v. Boorum,
142 N. Y. 357; 37 N. E. 119, 40 Am. St. Rep. 600; Cava-
nagh v. Iowa Beer Co., 136 Ia. 236, 113 N. W. 856. In its
application to negotiable instruments, the principle has
been codified in the uniform act. N. I. L. Sec. 16; Wyo.
C. S. 1920, Sec. 3949; Brannan's N. I. L. (4th ed.) pp. 137,
140; Security Savings Bank v. Rhodes, 107 Neb. 223, 185
N. W. 421, and Vincent v. Russell, 101 Or. 672, 201 P. 433,
20 A. L. R. reported with extended note in 20 A. L. R.
pp. 412, 417, 421.

In numerous cases, a grantor or surety has been per-
mitted to defend by proving that he signed on condition
that other signatures would be obtained before the writ-
ing would become binding on the defendant. See cases
cited note to Benton County Savings Bank v. Boddicker,
105 Ia. 548, 75 N. W. 632, as reported 45 L. R. A. 321.
Where, as in the case at bar, the instrument has been man-
ually delivered to the obligee or payee, and on its face
is complete, the party who relies upon the condition must
show that the obligee or payee had knowledge thereof
before he acted in faith of the writing. Knight v. Hurl-
but, 74 Ill. 133; New Home Sewing Mach. Co. v. Simon,
104 Wis. 120, 80 N. W. 71; Williston on Contracts, Sec.
1244; 28 C. J. 914–915. On the distinction between a con-
dition precedent and a condition subsequent in such
cases see: Gund v. Roulier, 108 Neb. 598, 188 N. W.
185, 190 N. W. 220.

The plaintiff contends that there cannot be a conditional
delivery to the obligee. Cases are cited that support the
contention, but they are all apparently based on earlier

authorities holding on technical grounds that a deed cannot be delivered as an escrow to the grantee. This principle, even when limited to sealed writings, has not gone unchallenged. Ward v. Churn, 18 Grat. (59 Va.) 801, 98 Am. Dec. 749; Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600. At the present day we think hardly any court, unless it felt bound by early precedents, would hold that the ancient rule in regard to escrows should be applied in a case like the one at bar.

According to the foregoing principles, the defendants in our case were required to prove not only that they signed and delivered the writing on the condition that Stone would sign with them, but that the condition was a precedent one; that is, to the effect that the writing was not complete or binding on them until Stone's signature was obtained (Gund v. Roulier, supra), and that the plaintiff had notice of the condition before it acted on faith of the writing. The writing being in plaintiff's possession and having on its face nothing to give notice that it was incomplete, there can be no doubt that the burden of proving the condition and plaintiff's knowledge thereof was on the defendants. Chouteau v. Suydam, 21 N. Y. 179; Sweet v. Stevens, 7 R. I. 375; State Bank v. Burden-Gardner Co., 14 Utah, 420, 48 Pac. 402; Benton Co. Savings Bank v. Boddicker, 105 Ia. 548; 75 N. W. 632, 45 L. R. A. 321, 67 Am. St. Rep. 310; Bank v. Hunt, 124 N. C. 171, 32 S. E. 546; Reiner v. Crawford, 23 Wash. 669, 63 P. 516, 83 Am. St. Rep. 848. Some courts say that the defense should be proved by clear and satisfactory evidence. Nash v. Fugate, 32 Grat. (73 Va.) 595, 610; Christy v. Hammitt, 76 Colo. 579, 233 Pac. 831. In Pym v. Campbell, supra, it was said by Erle, J.: "I grant the risk that such a defense may be set up without ground; and I agree that a jury should therefore always look on such a defense with suspicion." To the same effect are Thome v. Aetna Ins. Co., 102 Wis. 593, 78 N. W. 920, and Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127. The

necessity and difficulty of deciding whether the condition is subsequent or precedent makes the issue in some cases a very hard one to try. It should be tried with much care. See Klemm v. Weil, 194 Ia., 1073, 1077, 190 N. W. 388. The difficulty is real enough when it is met by experienced judges, and how much more so when it must be met by a jury who are required to find the fact from evidence that warrants different inferences.

The plaintiff excepted to the giving of instruction No. 4, which is as follows:

No. 4. "You are instructed that if you find from the evidence that the defendants, W. L. Ayers and U. S. Jones, signed the contract of guarantee in question upon the condition that it should be signed by all of the directors of the Platte County State Bank including E. W. Stone, and that the plaintiff bank had knowledge of and knew that said contract of guarantee had been signed by said defendants upon such condition prior to the time that it extended credit relying thereon, or had knowledge of such facts in this regard, as would have put a reasonable man upon inquiry, then your verdict should be for the defendants."

This instruction is faulty under the above principles. It refers only to the signing on condition, while it seems that the delivery is the important thing to be considered. A condition at the time a writing is signed might be waived by an unconditional delivery. And the plaintiff makes that contention here. It is argued that the writing, whatever the condition on which it was signed, was delivered without condition by Rouse acting for himself and as the agent of the other defendants.

The instruction does not require that the jury find that the obtaining of Stone's signature was a condition precedent. We do not mean to say that the instruction should have contained any confusing technical discussion of the difference between conditions precedent and subsequent, but think the jury should have been told in effect that, for

the defense to prevail, they must find that the defendants signed on condition that until Stone's signature was obtained the writing should not be binding on the defendants. This is not a question of mere verbal accuracy. The jury no doubt came readily to the conclusion that it was understood by all the parties that Stone's signature should be obtained. But the finding of that fact did not solve the issue. The more important contested point was as to the result contemplated in case the desired signature could not be obtained.

In instruction No. 5, the condition pleaded by defendants was stated negatively, and more correctly. That instruction reads:

No. 5. "You are further instructed that if in fact there was no condition imposed by the makers that the said guaranty should not be delivered to the plaintiff, or become binding on the defendants until it was signed by E. W. Stone, the fact, if it is a fact, that the defendants expected E. W. Stone to sign the said guaranty, or the fact, if it was a fact, that officers of the plaintiff bank requested E. W. Stone to sign the said guaranty after its delivery to the plaintiff, would not constitute a defense to said guaranty."

In view of this instruction, it might be argued that the jury, looking to the charge as a whole, were not misled by the defects in instruction No. 4. Instruction No. 4, however, was the only one that purported fully to state the issue, and we would be taking a good deal for granted in holding that mis-statements there were corrected by the rather incidental mention of the issue in the other instruction.

We need not repeat what we have said in regard to the burden of proof. An instruction on that subject was asked by plaintiff and refused. At another trial, if a correct instruction is asked placing the burden on defendants to show the condition precedent, it should be given.

Because of the errors in instructing the jury, the judgment must be reversed and the case remanded for a new trial. The defendants insist that plaintiff, by failing to discuss the assignments of error that refer to the giving and refusing of instructions, has waived them. Plaintiff's brief of more than a hundred pages is devoted almost entirely to a discussion of the alleged error in refusing to direct a verdict in its favor. Counsel apparently was disinclined to argue those assignments of error which, if sustained, would result in a new trial. The assigned errors that refer to the instructions are, however, mentioned in the brief, with a statement that they are relied on. The failure to discuss them is not as serious as, without explanation, it might seem. The pertinent legal principles are thoroughly briefed and discussed in connection with the arguments as to the sufficiency of the evidence. The situation is not the same as in a case where the appellant's brief states merely that certain assignments of error are relied on, with the expectation that the court will find supporting reasons and authorities.

The contention that the trial court erred in refusing to direct a verdict for plaintiff, and that this court, under Section 5897, Wyo. C. S. 1920, should reverse the judgment and enter or direct a judgment for plaintiff, is argued most earnestly by counsel. On the other side, it is claimed, that the record fails to show a request for a directed verdict in the court below. The question raised as to the state of the record, we need not discuss, as we are clearly of opinion that we should not direct a judgment for plaintiff.

We have given above a rather full statement of the evidence relied on by defendants to show a conditional delivery, but we have not tried to state evidence unfavorable to defendants, except those matters that appear to be admitted. There is no assignment of error that raises a question as to the admissibility of any evidence. As the case must be tried again, we shall discuss the evidence

only in a general way, and no further than seems necessary to dispose of plaintiff's contention that the evidence was insufficient to raise an issue of fact for the jury. We may say in passing that even if that contention were upheld it would not necessarily follow that a judgment for plaintiff would be entered. Section 5897, supra, is not mandatory. We should not feel that it was our duty to direct a judgment for plaintifi unless the admitted facts required it, or it appeared that defendants' case could not be strengthened on another trial. We are inclined to the view, however, that the issue was properly submitted to the jury.

From some of the authorities it may be argued, as it is here, that the condition must be an "express" condition, and that it must be contemporaneous with the execution and delivery of the writing. The object in trying the issue is to discover the intention of the parties at the time of delivery of the writing. The intention, to be effective, must, of course, be expressed, not secret or concealed from the other party, but we think it may be shown by facts and circumstances as well as by some set form of verbal expression. Although the intention must be in existence at the time of delivery of the writing, it is not essential that it be shown by what was said at that time. In Wilson v. Powers, 131 Mass. 539, it was said, among other things, that:

"Whether the delivery of a paper is absolute or conditional is a question of fact. If it were shown that two parties had agreed that an instrument should be thereafter prepared to take effect only upon compliance with a certain condition or the occurrence of a certain event, and thereafter such an instrument were prepared and delivered, even if nothing was said at the time of the actual delivery, it would be for the jury to say whether such delivery did not take place under and in pursuance of the previous agreement. That a delivery should be conditional, it is not necessary that express words to that effect should be used at the time. That conclusion may

be drawn from all the circumstances which properly form a part of the entire transaction, whether in point of time they precede or accompany the delivery.''

In Clever v. Kirkman, 33 L. T. (N. S.) 672, 674, referring to the language of Bramwell, B., in Rogers v. Hadley (2 H. & C. 227, 249) Brett, J., said:

''I cannot think that where he says 'where    *    *    * the parties expressly stated,' Bramwell, B., meant to rely on the word 'expressly'; I should add 'or if the circumstances show.' ''

Further, to the point that no express words are necessary to make the delivery conditional, see: Murray v. Earl of Stair, 2 B. & C. 82; Bowker v. Burdekin, 11 N. & W. 128.

Counsel stresses the admitted fact that the writing, complete in form, was transmitted to plaintiff with a letter which mentioned no condition. This fact would have been of more importance if the other circumstances in the case had been different. Ordinarily the signer of a promissory writing will not send it to the promisee until the time for it to become effective. Here, however, the jury had for their consideration the close relation of the two banks, the rather unusual circumstance of Stone's presence at the banking house of the plaintiff, and the probable knowledge by plaintiff, before the writing was delivered, that it was incomplete without Stone's signature, and that it would be delivered to plaintiff for the purpose of making it complete. In the circumstances, we think it was for the jury to say whether or not the obtaining of Stone's signature was a condition precedent. See: Ward v. Johnson, 57 Minn. 301, 59 N. W. 189; German-American Nat. Bank v. People's Gas & E. Co., 63 Minn. 12, 65 N. W. 90.

Mr. Yoder, plaintiff's president, was a small stockholder in the Platte County Bank, and it is argued that

notice to him of the conditional delivery of the writing cannot be imputed to the plaintiff, because, as a stockholder in the other bank, he had an interest in the transaction adverse to that of the plaintiff. It is contended that the case falls within an exception to the general rule that knowledge of an agent will be imputed to the principal. This exception was discussed in Commercial Bank & Trust Co. v. Hauf, 32 Wyo. 127, 230 Pac. 539, where it was said that the exception applies in "cases where there would arise a presumption that the agent would not perform his duy of communicating what knowledge he possessed to his principal  *  *  *  *." A careful text writer says that the exception applies "Where the agent's relations to the subject-matter are so adverse as to practically destroy the relation of agency," (Mechem on Agency, (2nd ed.) Sec. 1813), or "where it is certainly to be expected that the agent will not perform his duty." Id. Sec. 1815.

We doubt very seriously whether it can be said that Mr. Yoder had an interest adverse to the plaintiff. The obtaining of the directors' guaranty was supposed to be for the mutual benefit of the two banks. If Mr. Yoder thought at all of his personal interest as a stockholder of the Platte County Bank, he probably thought that interest would be protected by doing just what he was trying to do for the plaintiff. At any rate, we are of opinion that the mere fact that he was a small stockholder in the Platte County Bank was not sufficient to give rise to any presumption that he would not faithfully discharge his duties as president of the plaintiff.

A question of estoppel is argued, although it was neither pleaded nor asked to be submitted to the jury. As it seems from the evidence that notice of Stone's refusal to sign did not come to defendants until after the transactions on which it was sought to hold them liable, we see no foundation for the claim of an estoppel.

The judgment is reversed and the case remanded for a new trial.

*Reversed and Remanded.*

Blume, Ch. J., and Potter, J., concur.

ON PETITION FOR REHEARING.

Kimball, Justice.

The respondents, William L. Ayers and U. S. Jones, have filed a petition for a rehearing. Our former opinion is reported 253 Pac. 658. The petition for a rehearing states five grounds. The first and fifth grounds, which may be considered together are:

"1. The petition filed in said cause and the evidence introduced on the part of the plaintiff and appellant show that plaintiff has no cause of action against these defendants or either of them, and that said petition not only fails to state a cause of action against either of said defendants but that it could not be amended so as to state a good cause of action against them or either of them in view of the facts developed in the evidence on the part of plaintiff. FIRST, for the reason that it appears without question that said alleged guaranty was only intended to cover accomodations and credit which might be extended to Platte County State Bank by said Citizens National Bank during the year 1921, and the evidence shows that none of said extensions of credit or accomodations were extended or granted during said year of 1921, and SECONDLY, for the further reason that the contract sued on in said cause is in contravention of the laws of the State of Wyoming respecting the conduct and regulation of state banks organized under the laws of said state and is therefore illegal and unenforceable."

"5. The record shows that the purpose and effect of the contract in suit was to circumvent the statutes limiting loans and indebtedness of banks and is, for that reason, void and unenforceable."

The contentions that the guaranty in question was illegal and void, and that it was intended to apply only to

accomodations and credit extended during the year 1921
were urged as matters of defense in respondents' answer.
The questions thus sought to be raised were disposed of
as issues of law in the trial court by striking from the
answer the allegations having reference to such defenses.
Notwithstanding this ruling, to which respondents ex-
cepted, the judgment was in respondents' favor on the is-
sue of conditional delivery of the written guaranty. The
only assigned errors for our consideration on the appeal
were those assigned by the appellant with reference to
the issue that was submitted to the jury. The respondents,
of course, were satisfied with the judgment of the trial
court, and filed no cross-assignments of error. Excep-
tions by the respondents were not here for review. We
may concede, however, that the whole record, including
such exceptions, was available for the purpose of show-
ing that errors assigned by appellant were not prejudi-
cial. Pardee v. Kuster, (on petition for rehearing) 15
Wyo. 368, 382. The first and fifth grounds of the peti-
tion for rehearing may be re-stated thus: That the errors
for which the case was reversed were not prejudicial to
appellant (1) because it appears from the record that
the guaranty in question was void or unenforceable, and
(2) because it appears from the record that the said
guaranty did not cover any of the transactions shown by
the evidence. In respondents' brief filed on the former
hearing we can find no suggestion that we should
consider and pass upon the points now urged. It is
needless to say that the appellant did not mention the
matter. We do not hold that we might not on our own
motion examine the whole record to see whether an ap-
pellant or plaintiff in error has been prejudiced by an
erroneous ruling, but we cannot be expected always to
do this. Where, as in this case, errors apparently preju-
dicial to the appellant have been committed in the trial of
the one issue on which the case was decided, we are not
likely to hold that the case should have been decided

against the appellant on another issue that was disposed of in the trial court by striking the defense from the respondents' pleading.

We do not understand that respondents claim, even now, that the guaranty was void on its face. Nor do we understand that they claim the guaranty on its face did not cover the credits and accommodations extended. They offered by their answer to prove facts which they contended would show both the invalidity of the guaranty, and that it did not cover the transactions in question. Our attention is called to evidence admitted for other purposes which the respondents claim was sufficient to establish beyond question the allegations stricken from the answer. If the allegations of the answer had stood, a reply might have raised issues of fact that would have been tried. On those issues the appellant might have had evidence that is not now in the record. Without expressing any opinion on the action of the trial court in striking the mentioned allegations from the answer, and without the intention of casting a doubt on the correctness of that action, we cannot say that the record shows that the judgment should have been against the appellant on either of the issues attempted to be raised by the answer.

The other grounds of the petition for rehearing require no discussion. They refer to matters which we believe were sufficiently treated in our former opinion, and suggest nothing that causes us to doubt the correctness of our holding.

*Rehearing Denied.*

Blume, Ch. J., and Potter, J., concur.